SHOPE *v.* FITE & BOSTON.

1. Section 4052 of the code allows the party dissatisfied with the decision or judgment in a cause tried in a justice's court, to apply for and obtain a writ of *certiorari* for the correction of errors made upon the trial. But that section does not contemplate that the party who gains his case completely and entirely in the justice's court may, by writ of *certiorari,* have the superior court review alleged errors committed by the justice, which resulted in no injury to the prevailing party on the trial before the justice.

(a) Thus, where suit was brought on a promissory note in a justice's court, and the plaintiff obtained judgment for the full amount sued for, it is immaterial to him that the justice may have erred in allowing a plea of *non est factum* to be filed after the appearance term of the case; and although the defendant may have entered an appeal to a jury in the justice's court, this does not authorize the plaintiff, pending the appeal, to attempt to correct by *certiorari* the alleged error of the justice in allowing the plea to be filed. On the trial of the appeal, the question as to the filing of the plea would still be open, and on the state of facts appearing in the record before this court, the plea should then be stricken. *McCall* v. *Tufts,* 85 *Ga.* 619.

2. The court erred in sustaining the *certiorari,* and consequently, in directing a final judgment in the cause. *Judgment reversed.*

February 20, 1893.

Before Judge MILNER. Catoosa superior court. February term, 1892.

On *certiorari* the superior court rendered final judgment in favor of the plaintiffs, and the defendant excepted. The action was by Fite & Boston against Shope, in a justice's court on a promissory note, an unconditional contract in writing, returnable to the November term, held on the 14th day of that month. On the 26th of October service was acknowledged by the defendant, and at the November term the case was continued at the instance of the defendant, without any plea being filed. At the December term the defendant by his attorney moved to file a plea of *non est factum.* Both he and the defendant stated that a plea had been prepared and given to the defendant to file at the first term, but

it was not filed on account of defendant's negligence for which his attorney was not to blame. The plaintiff objected to the filing of the plea, on the grounds, that a plea of *non est factum* should be filed at the first term, and that in all suits in justices' courts on unconditional contracts in writing, the statute requires pleas to be filed at the first term or not at all. The justice overruled the objections and allowed the plea to be filed. He then gave judgment for the plaintiffs, and the defendant appealed to a jury in the same court. The plaintiffs carried the case to the superior court by *certiorari* pending the appeal to the jury, the sole assignment of error in their petition being that the justice allowed the plea of *non est factum* or any plea to be filed at the second term.

To the answer of the justice setting forth the facts as above stated, the defendant excepted on the following grounds: (1) That the answer fails to show that defendant's attorney also stated that after preparing the plea, a few days before the November term, he wrote to plaintiffs' attorney that he had been employed by defendant and that he had prepared this plea to be filed and had given it to defendant, and desired to know if he had any objections to the case going over to the second term, as he did not wish to go to the court unless there was some certainty of the case being tried; to which plaintiffs' attorney replied consenting to the case going over as requested; that at the time he gave this plea to defendant he told him it could be filed on the court day when it was set for trial, and that he would write to plaintiffs' attorney suggesting that the case go over to the next term, and for him to go and see plaintiffs' attorney before the day set for trial to see if he had consented for the case to be continued, and if so it would be unnecessary to have the witnesses subpoenaed for that term. (2) The answer fails to state as a part of the defendant's evidence, that he went and saw plain-

tiffs' attorney as directed and learned from him that the case would not be tried, and acting upon that he did not attend the court the day the case was set for trial, and did not for this reason file the plea at that term; that he understood from the justice that he could do so at the next term, and in this he may have been negligent, but if so it was his own negligence and not that of his attorney.

In addition to the plea of *non est factum* which was sworn to, the record shows that at the same time another plea was offered by the defendant, not sworn to, alleging that the note sued on had been changed in a material manner since it was made, which change was without his knowledge and consent, and consisted in the addition of the words "witness my hand and seal."

Payne & Walker, by brief, for plaintiff in error.

T. H. Anderson, by brief, *contra.*