CUNNINGHAM *et al. v.* ELLIOTT, agent.

1. Where the right to a *certiorari* is given by statute to either party, each may have the writ in his own favor in the same cause, and the pendency of the first writ sued out is no ground for dismissing the second.
2. Where the claim of right to a private way is founded upon an uninterrupted use of the way for more than seven years by the owners of a certain plantation, their agents, servants and tenants, the right is not in the agents or servants themselves, but in the owners who alone are the persons injured by an unlawful obstruction of the way, as against agents and servants, in violation of the right. While their agent, by virtue of §2207 of the code, may commence and carry on a proceeding in their names to remove such obstruction, under §738 of the code, he cannot institute and carry on a proceeding for that purpose in his own name, either individually or as an agent.
3. When in a petition to remove an obstruction from a private way, the petitioner alleges that he is the duly authorized agent of the owners of a certain plantation, naming it, that he has been in the habit of using the private way, describing it, and that the said owners, their agents, servants and tenants had been in constant and uninterrupted use of the way for more than seven years before the erection of the obstruction complained of, the petition is properly construed as being brought by the petitioner, not in his individual right, for he sets out none, but as agent for the owners and in their behalf. This being so, the petition was fatally defective, the petitioner showing no right to maintain the proceeding, and it was error in the ordinary not to dismiss the petition on demurrer.
4. The superior court erred in not sustaining the *certiorari* brought by the defendant in the proceeding before the ordinary, and as that proceeding was fatally defective *ab initio,* this reversal operates to reverse the judgment of the superior court in so far as it sustained the *certiorari* brought by the plaintiff in said proceeding.
   June 5, 1893.

*Certiorari.* Before Judge FALLIGANT. Chatham superior court. June term, 1892.

T. M. CUNNINGHAM, Jr., for plaintiff in error.
EDWARD S. ELLIOTT, by brief, *contra.*

BLECKLEY, Chief Justice.

1. Under §4052 of the code, either party may have a writ of *certiorari.* One may complain that he got too little; the other, that the prevailing party was entitled to nothing or to less than he did get. There seems to be no reason why complaint by the one should prevent the other from complaining also, or why, if both apply in time, the slower one should fail because the faster had been more expeditious than himself. In this case the pendency of the first writ sued out was no ground for dismissing the second. In *Shope* v. *Fite,* 91 *Ga.* 174, 16 S. E. Rep. 990, the prevailing party got all he claimed, and nevertheless sought to review by *certiorari* an error which worked no injury to him on the trial, and which remained open to correction upon the appeal taken by the opposite party. In that case there was no necessity for a *certiorari,* and therefore it could not be brought.

2. The right to a private way was founded, in this proceeding, upon an uninterrupted use of the way for more than seven years by the owners of the plantation, known as Prairie plantation, their agents, servants and tenants. The claim is evidently of a right of way appendant to the plantation and not one in gross as to all, any or each of the persons referred to, as persons or individuals. A right of way appendant to certain premises is in the owners of the premises. They are the persons injured by an unlawful obstruction of the way, as against their agents and servants, in violation of the right. Their agent, by virtue of §2207 of the code, may commence and carry on a proceeding in their names to remove such obstruction under §738 of the code, but he cannot institute and carry on a proceeding for that purpose in his own name, either individually or

as agent; not individually because he has no right, and not as agent because as a general rule, and this case is not within any exception, the rights of principals must be enforced in their own names, as well where an agent conducts a proceeding in their behalf as where they conduct it in person.

3. The petition in this case is properly construed as being brought by Mr. Elliott the petitioner, not in his individual right, for he sets out none, but as agent for the owners of the plantation and in their behalf. He had no right to maintain the proceeding as it was brought, and the ordinary erred in not dismissing the petition on demurrer.

4. For the error indicated, the superior court ought to have sustained the *certiorari* brought by the Cunninghams, the defendants in the proceeding before the ordinary. That proceeding was fatally defective *ab initio*, and as it was the basis of the whole litigation, this reversal here operates to reverse the judgment of the superior court in so far as it sustained the *certiorari* brought by Elliott, agent, the plaintiff in the proceeding before the ordinary.          *Judgment reversed.*