### FREEMAN *et al. v.* CARR & BROTHER.

There was no error, on the trial of an appeal from a county to a superior court, in refusing to allow the appellant, against whom a judgment had been entered in the lower court, to the rendition of which he had interposed no defense whatever, to file in the superior court a plea or answer to the plaintiff's action.

Submitted May 23, — Decided June 8, 1898.

Appeal. Before Judge Gamble. Bulloch superior court. October term, 1897.

Suit upon a promissory note was brought in the county court. The defendant filed no plea and made no defense in that court. There was an appeal to the superior court; and upon the call of the case there, counsel for the defendant offered a sworn plea of failure of consideration. The court refused to allow it, holding that the defendant should have filed his plea or made his defense in the county court before judgment was rendered against him, and, having failed to do so, he was estopped from filing his plea in the superior court. Defendant excepted.

*Brannen & Moore*, for plaintiffs in error.
*Groover & Johnston*, contra.

LITTLE, J. The only question presented by the record in this case is, whether, after an appeal from a county court to the superior court, the defendant in the case is entitled, as a matter of law, to file a plea or answer in the superior court and have the issue arising thereunder tried and adjudicated, when no answer or plea had been filed in the county court. The plaintiff in error, through his counsel, contends that, after an appeal to the superior court, the trial of the case is a de novo proceeding, and being so, he has a right then to make his defense and the corresponding right to file proper answer or plea as a basis for such defense. The trial of a case on appeal is a de novo investigation, and our code declares that either party is entitled to be heard on the whole merits of the case. Civil Code, § 4469. We are not unmindful that another provision of our Civil Code, § 4139, declares that in cases appealed from the justice's court to the superior court, it is the duty of the de-

fendant to reduce his defenses to writing before the case proceeds to trial in the superior court, etc. But we do not think this provision of law is applicable in cases of appeal from a county court. The latter is a court of record, and its mode of procedure and the practice therein is regulated by statute; the pleadings in such court must be in writing, and the suit is commenced by petition plainly and distinctly setting out the cause of action. Civil Code, §§ 4198, 4199. Suits in a justice's court are commenced by a summons issued by the justice, requiring the defendant to appear; and matters of defense, except in given cases, are not necessarily to be made in writing. No issuable defense under oath is there required to be made (*Howell* v. *Glover*, 59 *Ga.* 774); pleadings and amendments are not required as in a court of record (*Howell* v. *Field*, 70 *Ga.* 592); and we can see good reason why the defenses, which had not in the justice's court been so made, should, before trial on appeal in the superior court, be reduced to writing.

Counsel for the plaintiff in error further insists that he was entitled to enter an appeal as a matter of right, and that this right exists notwithstanding he may not have filed any plea or made any defense in the county court; all of which we concede; his right to appeal is not denied, but will be given full effect. The question is, not whether the right of appeal exists, but, having exercised this right, can he bring into the trial of the case in the superior court defenses which were not made in the court from the judgment of which he has taken an appeal? The trial of the case on appeal is a de novo proceeding, but it by no means follows that the pleadings and defenses in the case are to begin over again in this new trial. On the contrary, the new trial is had on the papers connected with the case when the judgment was rendered (Civil Code, § 4214), subject to proper amendment. It is declared in the act making provision for the creation of county courts (Acts 1878–9, p. 132, Civil Code, §4204), that "the practice and mode of procedure in the county court," etc., shall be the same as in the superior court, unless otherwise provided; and to ascertain by what rules of practice and methods of procedure trials in the county court are to be governed, we have but to ascertain what provisions are made

by law to govern the practice and procedure in the superior courts. Of course, many of the provisions as to practice in the latter court can not be made applicable to county courts, because of differences in the constitution and machinery of the latter; but whenever a statute relating to practice establishes a mode of procedure in the superior court and restricts the mode of pleading, or establishes a system to be followed by the superior court, such statute is directly applicable to the county court, as much so as if it had been named, unless the act creating the court provides otherwise, "from the filing of the original suit to the final process and proceedings to enforce judgment thereon," etc. Civil Code, § 4198. It is true the act creating the county court provides for a trial of cases at the first term of the court, and the provisions of the practice acts of 1893 and 1895, in relation to calling the appearance-docket and entering defaults, etc., are not applicable to county courts; yet our Civil Code, § 5052, requires a defendant, when he shall have been duly served with copy petition and process, to "appear at the court to which such process is made returnable, and make his defense in writing," etc. If he does not do so, he is in default, and the plaintiff is entitled to a verdict or judgment, as the case may be, at the trial term. Civil Code, § 5071.

We find, therefore, that under the system of pleading existing in this State, defenses to actions are to be made at the first term after suit is brought, that this rule of procedure applies in a county court, and that neither in the superior court nor county court has the defendant any right as a matter of law to file a plea or answer in the nature of a defense at the trial term. If the defendant in error had brought his case to the superior court, the plaintiff in error could not have made the answer he proposes now to make when the case came on to be tried. He did not do so at the trial in the county court when the law gave him the right to make it, but suffered a judgment to go against him for want of answer. Our statutes regulating pleading and practice have for their object the simplifying of the issues to be submitted to the jury, as well as the early disposition of cases. To accomplish these objects, allegations on which the plaintiff claims the right of recovery must be separately and

distinctly made and separately and distinctly answered before the trial term. If the answer sought to be made was omitted to be offered in the county court, and could not have been made in the superior court if the case had been originally brought there, in consequence of these acts, it is difficult for us to see how it could be legally made simply because the case was one of appeal. The statute (Civil Code, § 4134) provides that a defendant, when sued in a justice's court on an unconditional contract in writing, shall, if he makes defense, do so at the first term of the court; and, construing the rights of the defendant on appeal thereunder, this court ruled in the case of *McCall* v. *Tufts*, 85 *Ga.* 619, that after judgment rendered by a justice of the peace on an unconditional contract in writing, no plea and no appearance being made by the defendant at the first term, it is too late on appeal to a jury in that court to defend by filing plea and introducing evidence thereunder; and approved the same in *Shope* v. *Fite & Boston*, 91 *Ga.* 174; see also *Stansell* v. *Massey*, 92 *Ga.* 436, and *Newman* v. *Scofield*, 102 *Ga.* 810. The principle ruled in the 85 and 91 *Ga.*, supra, controls the decision of the question raised here; and no error was committed by the trial judge in refusing to allow the plea.

*Judgment affirmed. All the Justices concurring.*