24022. HARDEN *v.* UNITED STATES CASUALTY COMPANY *et al.*

GUERRY, J. 1. While it is true that it has been stated by our courts that although the workmen's compensation act is in derogation of the common law (which would generally call for a strict construction of the act), yet in view of its beneficent purposes and remedial character, it should be so liberally and broadly construed as to effect the general purpose in every instance in which the language is such as to render judicial construction necessary (*Austin Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560, 121 S. E. 345; *Von Treeck* v. *Travelers Insurance Co.*, 157 *Ga.* 204, 121 S. E. 215; *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682, 118 S. E. 786; *Brown* v. *Lumbermen's Mutual Casualty Co.*, 49 *Ga. App.* 99, 174 S. E. 359), nevertheless a reasonable and logical application of the act should be had according to the ordinary acceptation and signification of its terms.

(*a*) Section 39 of the workmen's compensation act provides that "the compensation provided for in section 38 shall be payable only to dependents and only during dependency. The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: (a) A wife upon a husband *whom she had not voluntarily deserted or abandoned at time of the accident.*" Ga. L. 1920,

p. 188-9. (Italics ours.) If, therefore, a claimant be *legally married* to an employee at the time of the *accident* but had *voluntarily deserted and abandoned him at the time of the accident* and was not dependent on and received no *actual* support from the deceased employee at such time, she would not be entitled to compensation under the workmen's compensation act. See, in this connection, *O'Neal* v. *American Mutual Liability Insurance Co.*, 41 *Ga. App.* 223 (152 S. E. 488) ; *Ocean Accident & Guaranty Co.* v. *Council*, 35 *Ga. App.* 632 (134 S. E. 331).

(*b*) The finding of the Department of Industrial Relations in this case that the claimant, though legally married to the deceased employee, had voluntarily abandoned and deserted him and was not dependent on and received no actual support from him at the time of the accident, was, under the evidence, one of fact, which, being supported by some evidence, can not be disturbed by this court. See *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881) ; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75) ; *Travelers Insurance Co.* v. *Bacon,* 30 *Ga. App.* 728 (119 S. E. 458) ; *New Amsterdam Casualty Co.* v. *Sumrell,* supra; *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99). Although the evidence might have demanded a finding that *at the time of the separation* of the claimant from the deceased employee it was brought about by the dereliction and misconduct of such employee (*Ocean Accident & Guar. Cor.* v. *Council,* supra), yet where the evidence further disclosed that since the separation and before the accident she had entered into two bigamous marriages, and had not corresponded or communicated with deceased for a period of about seven years, the evidence would support the finding of the commission that *at the time of the accident,* she had voluntarily abandoned and deserted him; and this is true' although there may have been evidence showing correspondence between the deceased employee and the claimant shortly prior to the accident, evidencing a desire on his part to return to her.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JULY 11, 1934.

*Ulmer & Dowell,* for plaintiff.
*Adams, Adams & Douglas,* for defendants.