30490.   WILSON *v.* MARYLAND CASUALTY CO. *et al.*

DECIDED MAY 24, 1944.

*A. E. Wilson, Charles G. Bruce,* for plaintiff. ·
*Brandon, Matthews, Long & Nall,* for defendants.

SUTTON, P. J. (After stating the foregoing facts.) ■ It appears from the evidence that on December 3, 1942, Deborah S. Price entered into a written contract with the attorney, wherein he agreed to pay the attorney for his services in prosecuting his claim for compensation a fee of one-third of the amount recovered. The contract expressly provided it was made subject to the approval of the State Board of Workmen's Compensation. The attorney performed services under the contract, and an award was made in favor of the claimant against the employer and its insurance carrier. The attorney filed the contract with the board with a request that it be approved, and later filed a petition asking that he be given a hearing before the board on his request that his contract for fees be

approved and ordered paid. Without granting his request for a hearing, the board entered an order on September 16, that in their opinion a fee of twenty-five per cent. of the amount paid to the claimant would be a reasonable fee for the services rendered by the attorney, and directed that he be paid a fee of $60.75, which was twenty-five per cent. of the amount paid to Deborah S. Price and his personal representative on the claim. The order of the board was appealed to the superior court, which affirmed it. The attorney contends that the board acted without authority and in excess of their authority in fixing his fee, and that the facts found by the board do not support the decree.

The State Board of Workmen's Compensation is an administrative body possessing only the power conferred upon it by statute to administer the workmen's compensation act. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897) ; *U. S. Casualty Co.* v. *Smith,* 42 *Ga. App.* 774 (157 S. E. 351) ; *Perry* v. *American Mutual Liability Ins. Co.,* 65 *Ga. App.* 130 (15 S. E. 2d, 471). Although the act is in derogation of the common law, it is remedial in its nature and purpose and should be liberally construed to give effect to the purposes for which it was enacted. Code, §§ 114-101 et seq.; *Van Treeck* v. *Traveler's Insurance Co.,* 157 *Ga.* 204 (121 S. E. 215) ; *Meadows* v. *Dixon,* 61 *Ga. App.* 697 (7 S. E. 2d, 329). A reasonable and logical application of the act should be had according to the ordinary and usual acceptation and signification of its terms. *Harden* v. *U. S. Casualty Co.,* 49 *Ga. App.* 340 (175 S. E. 404). The act provides that fees of attorneys for services under it "shall be subject to the approval of the State Board of Workmen's Compensation." Code, § 114-714 (Ga. L. 1937, p. 230). Since the act is entirely statutory, the recovery of fees by attorneys for services under it, is governed exclusively by the terms of the act itself, and such fees can only be recovered in a proceeding authorized by the act. *Patterson* v. *Curtis Publishing Co.,* 58 *Ga. App.* 211 (198 S. E. 102). While the claimant had full power to select any attorney qualified to practice before the courts of this State to represent him in prosecuting his claim before the board, and before the superior and appellate courts on appeal, any contract that he may have made with such attorney for this purpose was subject to the approval of the board, and was not valid without such approval. The power vested in the board to approve the contract

entered into between the claimant and the attorney is a discretionary power. The discretion to be exercised in such a case is not an arbitrary and unlimited one, but should be based on evidence, or the facts as disclosed by the record when the same are sufficient for this purpose, and the law applicable thereto. *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. R. 48). The petition of the attorney alleging, "that he had rendered all of the professional services and expended all of the time necessary to effect a final determination, through a litigated hearing, of the case," and asking that he be given a hearing and "an opportunity to present evidence of these services and time expended, and of the fact that his fee, which was agreed to by claimant, became thus fixed and established," was properly before the board, and the hearing should have been granted. The contract for fees was in writing and was agreed to by the claimant and the attorney. The attorney was interested in getting the contract approved, and as a party at interest, he had the right to introduce evidence before the board to show that the contract should be approved by the board. In refusing to give him a hearing so that this evidence could be introduced before the board for its consideration, and in arbitrarily approving the contract only as to a portion of the amount agreed upon by the parties, we think the board erred. The exception taken by the attorney to the award made, in so far as it dealt with the order fixing his fees without giving him a hearing, was well taken, and the superior court erred in affirming the award of the board for this reason.

■ The contention of the attorney, that he was entitled to have the amount of his fee based on the award made of $9 per week for 347 weeks because he had a lien on the amount recovered by the claimant, and the full amount of the award would have been paid if his client had lived, cannot be sustained. The attorney's right to a fee was based on his contract with the claimant, which was subject to the approval of the board. The workmen's compensation act does not provide for any lien in favor of an attorney for services under the act, but the attorney's lien attaches to the award under the provisions of the Code, § 9-613. *Camp* v. *U. S. Fidelity &c. Co.*, 42 *Ga. App.* 653 (157 S. E. 209). In the present case, the contract provided for the attorney "to receive one-third of any sum recovered" by the claimant by reason of his injuries. The word "recovered" as used in this contract means the actual receipt

of the money by the claimant. The contract did not provide for a fee of a percentage of the award; but provided for a fee of a percentage of the amount recovered; and the only amount recovered was the money which was actually paid under the award to the claimant and his personal representative. The attorney's contract expressly provided that it was made subject to the provisions of the workmen's compensation act, and this act provides that, "if during the period of disability caused by an accident death results proximately therefrom, the compensation under this title shall be as follows: (a) The employer shall, in addition to any other compensation, pay the reasonable expenses of the employee's last sickness, and burial expenses not to exceed $100. If the employee leaves no dependents this shall be the only compensation," and the act further provides that the dependents of such deceased employee shall receive certain payments, in the event that such employee was survived by dependents. Code, § 114-413. It follows that the fee to which the attorney is entitled in this case is a percentage of the amount actually paid to the claimant and his personal representative, the amount of the fee to be fixed by the board in the exercise of its discretion as above stated.

■ The contention of the attorney, that his claim for an attorney's fee based on a percentage of the original award in favor of Deborah S. Price of $9 per week for 347 weeks, should be allowed and assessed against the employer and its insurance carrier because the attorney had a lien against the award for his fees, and if the employer and carrier had furnished the claimant proper medical treatment the claimant would have lived, and the attorney's fee would have been based on the original award rather than on the smaller amount paid to the claimant and his personal representative after his death, is without merit. The fee of the claimant's attorney may be assessed against the employer and its insurance carrier where it appears that the action was defended without reasonable ground, as provided by the Code, § 114-712; or where there has been a refusal or wilful neglect on the part of the employer to comply with the terms of the act relative to insuring his liability or furnishing proper proofs of his ability to pay any award which may be made against him, as required by § 114-603. The provisions of § 114-603 do not provide for the assessment of an attorney's fee against the employer and its carrier for failure to pay compen-

sation when due or to furnish medical treatment when needed. *Dunn* v. *American Mutual &c. Ins. Co.,* 64 *Ga. App.* 509, 514 (13 S. E. 2d, 902). And under the provisions of § 114-712, as amended, whether or not the employer had defended the action without reasonable ground was an issue of fact for determination by the State Board of Workmen's Compensation. In the present case, their finding, that the action had not been defended without reasonable ground, is supported by evidence, as Dr. R. E. Newberry testified on the hearing before the board on December 8, 1942, which was within two months of the death of the claimant, that he had just examined the claimant, and that "he thought the claimant would be able to return to work in about 10 days or two weeks, and saw no reason that he should not. That in so far as he could tell the claimant was an able-bodied man." While this evidence was in direct conflict with the other medical testimony in the case, it is well established that all conflicts in the evidence are for determination by the board; and this court can not say, as a matter of law, that a finding was demanded that the employer and its insurance carrier had defended the action without reasonable ground for so doing. The finding of the board being supported by evidence, the superior court did not err in affirming the award made by the board refusing to assess the fee of the claimant's attorney against the employer and its insurance carrier.

It is stated in the brief of counsel for the plaintiff in error, that no exception was taken to the award made by the board, in so far as it dealt with its approval of the contract entered into between the attorney and Maude Price.

For the reasons set out in division 1 of this opinion, the superior court erred in affirming the award of the State Board of Workmen's Compensation.

*Judgment reversed. Felton and Parker, JJ., concur.*