36331. FLETCHER *v.* AETNA CASUALTY & SURETY CO. *et al.*

DECIDED JANUARY 29, 1957.

24

*Bruce B. Edwards, Albert P. Feldman,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

NICHOLS, J. 1. The evidence presented at a hearing to determine as to a change in condition of the claimant did not demand or authorize an award increasing the prior award, based upon an agreement between the parties, above the 30 percent permanent partial disability of the claimant's right hand as found by the deputy director and which finding was affirmed by the full board and the superior court. The fact that one physician, who only examined the claimant at the time of the hearing, testified that the claimant now suffered a 60 percent permanent partial disability to his right hand could not authorize an award that the claimant's condition had changed for the worse since the original award which was entered based upon an agreement between the parties. See *Phinese* v. *Ocean Accident &c. Corp.,* 81 *Ga. App.* 394 (58 S. E. 2d 921), and cases cited.

2. The claimant's attorneys contended on the appeal to the full board that the deputy director should have set aside the award of January 5, 1955, which permitted the payment in lump sum of the amount due the claimant under the award of December 17, 1954, which award, based upon an agreement between the parties, granted the claimant compensation for a 25 percent permanent partial loss of use of his right hand.

The only question presented to the deputy director was that there had been a "change in condition" in the claimant's injuries, presumably a change for the worse inasmuch as the request for a hearing was made by the claimant, and no other question was before the deputy director. The claimant contends that, since the review by the full board is not synonymous with a review by an appellate court but is a de novo investigation, the full board should have set aside such award inasmuch as the award permitting the lump-sum payment was made less than 26 weeks after the original award.

The Supreme Court in *Freeman v. Carr,* 104 *Ga.* 718, 719 (30 S. E. 935), said, with reference to an appeal from a county court to the superior court, "The trial of the case on appeal is a de novo proceeding, but it by no means follows that the pleadings and defenses in the case are to begin over again in this new trial. On the contrary, the new trial is had on the papers connected with the case when the judgment was rendered . . . subject to proper amendment." In the present case the claimant requested a hearing to determine a change in condition and no question as to whether the *lump-sum award* should be set aside was before the deputy director, nor was such question before the full board which was reviewing the award of the deputy director. There had been no request for a hearing on this subject, and it is now unnecessary to rule on this question.

3. The claimant's attorneys contend that the award should be reversed since no attorney's fees are mentioned in the award. Before an attorney may collect a fee from a claimant for services rendered in connection with the claimant's case the contract of employment must be approved by the board. See Code (Ann.) §§ 114-714, 114-9903. However, no contract can be approved unless it is presented to the board, and in the present case since

no such contract appears in the record it cannot be said that the board erred in failing to award attorney's fees. The board is not required to fix the attorney's fees but is only required to determine if a contract entered into by the claimant and his attorney should be approved. See in this connection, *Wilson* v. *Maryland Casualty Co.*, 71 *Ga. App.* 184 (30 S. E. 2d 420).

Therefore, the Judge of the Superior Court of Fulton County did not err in affirming the award of the full board and in not passing upon the question of attorney's fees or the judgment of the board dated January 5, 1955.

*Judgment affirmed. Felton, C. J., concurs. Quillian, J., concurs specially.*

Quillian, J., concurring specially. I concur in the majority opinion simply because I am obliged to follow the precedent set in the case of *Phinese* v. *Ocean Accident &c. Corp.*, 81 *Ga. App.* 394 (58 S. E. 2d 921). It is my opinion that the *Phinese* case is decided on the wrong appraisal of the evidential facts. Where the parties enter into a solemn agreement that the claimant suffered disability to a stipulated extent, that is evidence that his disability is just what the agreement entered into between him and his employee fixes it at. The testimony of a doctor who examines the claimant after a lapse of time from the date of the agreement that he is disabled to a greater or lesser extent than at the date of agreement, to my way of reasoning definitely is competent evidence of a change in the claimant's condition.