37861.   MICHIGAN MUTUAL LIABILITY COMPANY *et al.* *v.* ALFORD.

QUILLIAN, Judge.   While this court is fully aware of that line of cases exemplified by *Fireman's Fund Indem. Co.* v. *Peeples,* 97 *Ga. App.* 896 (104 S. E. 2d 664), and *Atlanta Transit System* v. *Harcourt,* 94 *Ga. App.* 503 (95 S. E. 2d 41), to the effect that "a mere narrative of the testimony of the witnesses is not a compliance with the [State Workmen's Compensation] act because it is the duty of the State Board of Workmen's Compensation to weigh the evidence and decide what are the true facts" (*Atlanta Transit System* case) and to the effect that " 'an award of compensation cannot be lawfully based on mere findings as to what the witnesses testified in the absence of other specific findings of fact which would otherwise support an award' " (*Peeples* case), an examination

of the deputy director's finding of fact, which is appended hereto, will reveal that although he summarized the evidence of the various witnesses who testified on the hearing, he also made the requisite findings, which were uncontradicted by any evidence adduced on the hearing, that the claimant, though suffering from certain enumerated afflictions, was not suffering from any disability connected with her injury, which had been sustained some four months earlier, and that none of her suffering at the time compensation payments were discontinued on May 28, 1958, or at the time of the hearing on July 31, 1958, was connected with the injury sustained in her employment; and, that consequently her claim for further compensation was unjustified and denied. The superior court, therefore, erred in reversing the award denying further compensation. *Williams* v. *Travelers Ins. Co.*, 41 *Ga. App.* 362 (153 S. E. 77); *Employers Liability Assur. Corp.* v. *Montgomery*, 45 *Ga. App.* 634 (2) (165 S. E. 903); *Maryland Cas. Corp.* v. *Mitchell*, 83 *Ga. App.* 99 (62 S. E. 2d 415). *Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 24, 1959.

*Harry E. Monroe,* for plaintiffs in error.
*Scott Walters, Jr.,* contra.