39906, 39907, 39908.   FELDMAN v. EDWARDS et al.
(three cases).

NICHOLS, Presiding Judge. Bruce B. Edwards represented the claimants in three workmen's compensation proceedings and during the period that the litigation continued he associated Albert P. Feldman as associate counsel. Thereafter, lump sum agreements were approved by the board in each case. At the same time Edwards' fee contracts with the claimants were approved and the payment of the attorney's fees to Edwards and the balance due to the claimants was authorized and directed. Feldman then filed an application with the board asking the board to direct one-half of the attorney fees to be paid to him and when no action was taken by the board he filed an appeal to the superior court assigning error on the aforementioned lump sum award and on the refusal of the board to have a hearing to determine if he was entitled to a part of the attorney's fees. The superior court entered judgments dismissing the appeals and Feldman now assigns error on such judgments and names himself as plaintiff in

error and Edwards, the claimants, the employer and the insurer as defendants in error. *Held:*

The State Board of Workmen's Compensation has authority to examine and approve contracts between claimants and their counsel as to the amount of attorney's fees, but it has no authority, statutory or otherwise, to set the fees of the attorneys, or to examine and approve contracts between attorneys as to the division of their fees when associated to represent claimants. *Fletcher v. Aetna Cas. &c. Co.,* 95 Ga. App. 23, 25 (96 SE2d 650); *Wilson v. Maryland Cas. Co.,* 71 Ga. App. 184 (30 SE2d 420); *Code Ann.* §§ 114-714, 114-9903. The only contracts before the board were the contracts between Edwards and the claimants and such were the only contracts that the board could examine. The superior court properly dismissed the appeals based upon the above principles of law and because there were no issues of law upon which to predicate and base an appeal from the State Board of Workmen's Compensation.

*Judgments affirmed. Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 8, 1963—
REHEARING DENIED FEBRUARY 26, 1963.

*John W. Rogers,* for plaintiff in error.

*Richard W. Best, Bruce B. Edwards, Marvin O'Neal, Jr., Frank W. Scroggins,* contra.