43151. CLARK et al. v. ROYAL GLOBE INSURANCE COMPANY et al.

JORDAN, Presiding Judge. This is a workmen's compensation case involving the payment of attorney's fees as approved by the board. The claimant employed one attorney, agreeing to pay him one-fourth of any settlement by recovery or

otherwise. This attorney negotiated a settlement which the claimant rejected. The claimant asked this attorney to withdraw, and employed another attorney, agreeing to pay the second attorney one-third of any recovery. The second attorney thereafter represented the claimant before the board. Both attorneys filed their agreements with the board. The board conducted a hearing with respect to attorney's fees, determined that one-fourth of the recovery is reasonable and adequate as attorney's fees, that both attorneys had equally participated in securing compensation for the claimant, and authorized and directed the payment to each attorney of one-eighth of the compensation paid or accruing from a specified date "unless otherwise directed" by the board. On appeal by the first attorney a Judge of Fulton Superior Court affirmed the order of the board, and an appeal from that order was filed in this court in the name of the claimant and his first attorney. The employer and insurer, as nominal appellees, have notified the court that they have no preference in the matter and will not appear unless the court desires an appearance, and the sole appearance as an appellee is in behalf of the second attorney. *Held:*

The single enumerated error is that the court erred in affirming the action of the board because the board had no authority to apportion or fix attorney's fees. The appellants contend that the order should be reversed and the case remanded to the board for approval or disapproval of either or both of the contracts. The attorney-appellee filed no cross appeal but nevertheless contends that the order should be reversed with directions as to past and future services, pointing out that the first attorney represented the claimant only with respect to an unaccepted agreement, that this appellee represented the claimant thereafter in respect to the award of compensation actually made, and that a hearing on a change in condition is being held in abeyance pending the outcome of this appeal. *Code Ann.* § 114-714 provides in pertinent part that "Fees of attorneys . . . shall be subject to the approval of the State Board of Workmen's Compensation." We think this authority necessarily includes the authority to approve pro tanto as well as in toto any contract between the claimant and an attorney for prosecuting the claim. In *Feldman v. Edwards,* 107 Ga. App. 397 (130 SE2d 350), all that this court actually determined was that the authority

was limited to the examination and approval of such contracts, as placed before the board, and that it did not include the authority to set the fees of attorneys, or to examine and approve contracts between attorneys as to the division of fees when associated to represent a claimant. The attorneys in this case were not associated, they rendered separate services on the same claim, and the board had before it two distinct contracts for approval. It is clear that the board concluded from the evidence before it that the services of each attorney were of equal value, and although the ultimate effect of the board's action is to set the fee of each attorney and thus divide the total equally between the attorneys, the board achieved this result by approving fees within the limits of each contract and thus acted within its authority to approve each contract in part with respect to the compensation actually awarded to the claimant, as paid or to be paid. By appropriate use of the term "unless otherwise directed" the board clearly intended to reserve any further approval of attorney fees based on any additional representation of the claimant. The board having acted within its authority in approving fees within the limits of each contract between the claimant and an attorney, as presented to the board for approval, the superior court properly affirmed the action.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED OCTOBER 5, 1967—DECIDED OCTOBER 27, 1967.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellants.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Grace W. Thomas, Louis M. Tatham,* for appellees.