53201. SECURITY INSURANCE GROUP et al. v. SLUSHER.

SHULMAN, Judge.

In this workmen's compensation case the employer and insurer appeal from the lower court's order affirming

the award of the State Board of Workmen's Compensation.

In May, 1975, the parties entered into a standard agreement, approved by the board, which stated that the appellee was suffering from a 100% loss of use of his right knee. Thereafter, in November, 1975, the appellants sought a determination under Code Ann. § 114-709 that the appellee's condition had changed to only 25-30% disability. The administrative law judge found no change in condition, and this was approved by the full board and affirmed in the superior court.

The only evidence on change of condition presented at the hearing before the administrative law judge was the deposition of one physician and the record of an examination of the appellee by another physician. Each estimated appellee's percentage of disability as being in the area of 25-30%. The appellee did not testify as to his condition.

This case is controlled by decisions such as *Fletcher v. Aetna Cas. &c. Co.*, 95 Ga. App. 23 (1) (96 SE2d 650) and *Phinese v. Ocean Acc. &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921). The testifying physician, although treating the appellee from prior to the injury until this hearing, did not testify that the appellee's condition had improved or changed. He merely estimated the percentage of disability as being 25-30%.

Under the any evidence rule an award of the State Board of Workmen's Compensation must be affirmed on appeal where there is evidence to support the award and there is no error of law. There was competent evidence that appellee's condition had not changed and the court did not err in affirming the award. See *St. Paul-Mercury Indem. Co. v. Fletcher*, 97 Ga. App. 429 (103 SE2d 438). See also *Employers Mut. Liab. Ins. Co. v. Sheets*, 105 Ga. App. 734 (125 SE2d 569). Accordingly, the judgment must be affirmed.

*Judgment affirmed. Stolz, J., concurs. Quillian, P. J., concurs specially.*

Argued January 11, 1977 — Decided February 17, 1977.

*Savell, Williams, Cox & Angel, Elmer L. Nash, John M. Williams,* for appellants.

*Altman, Williamson, McGraw & Loftiss, Harry Jay Altman, III, Royal A. McGraw,* for appellee.

QUILLIAN, Presiding Judge, concurring specially.

I concur in the majority opinion because I am constrained to follow that which was held in *Phinese v. Ocean Acc. &c. Corp.,* 81 Ga. App. 394 (58 SE2d 921), and *Fletcher v. Aetna Cas. &c. Co.,* 95 Ga. App. 23 (1) (96 SE2d 650). I do not feel that these cases are correct and adopt that which was stated by Judge Quillian, later Justice Quillian, in his special concurrence in the *Fletcher* case.

The appellant relies on *Morrison Assur. Co. v. Hodges,* 130 Ga. App. 436 (203 SE2d 629). However, it is distinguishable from the case sub judice. A review of the record in the *Morrison* case shows the physician who testified as to the change in condition had treated the claimant at the time of the injury and testified as to the claimant's condition at the time the agreement was approved.