## 54576. SECURITY INSURANCE GROUP et al. v. SLUSHER.

DEEN, Presiding Judge.

1. Slusher injured his knee on May 23, 1974, while employed by Southern Sand Company. He sustained two operations, had two periods of temporary total disability with a work period between, and in May, 1975, a supplementary agreement was reached ending the period of temporary total disability and agreeing to pay and receive compensation on the basis of 100% loss of use of the right leg resulting from the knee injury. A motion on the part of the employer to discontinue compensation due to change of condition was heard and an award continuing compensation was entered on February 9, 1976, and affirmed by this court in *Security Ins. Group v. Slusher,* 141 Ga. App. 307 (233 SE2d 268). Significantly, the court held that the case was controlled by *Fletcher v. Aetna Cas. &c. Co.,* 95 Ga. App. 23 (1) (96 SE2d 650) and *Phinese v. Ocean Acc. &c. Corp.,* 81 Ga. App. 394 (58 SE2d 921). These cases hold specifically that where a question of percentage of disability has been decided by agreement of the parties it is res judicata, and the mere fact that on a change of condition hearing there is expert testimony of a *lesser* degree of disability will not authorize decreasing the disability award, absent specific testimony by a physician who has treated the claimant throughout that his condition has changed. In the first *Slusher* case this court held: "The testifying physician, although treating the appellee from prior to the injury until this hearing, did not testify that the appellee's condition had improved or changed. He merely estimated the percentage of disability as being 25-30%." Judge Kelley Quillian concurred specially for the same reason that Judge (later Justice) Joseph Quillian concurred in the *Fletcher* case, that they were bound by the ruling in *Phinese.* Judge Quillian said, in *Fletcher:* "The testimony of a doctor who examines the claimant after a lapse of time from the date of the agreement that he is disabled to a greater or lesser extent than at the date of agreement, to my way of reasoning definitely is competent evidence of a change in the claimant's condition."

On the present change of condition hearing the

testimony was almost the same as on the former change of condition hearing. In both cases the doctor, who had treated the employee throughout, found that as objectively measured by standards used in the profession, he had a 25 to 30 percent disability. However, on the first hearing the doctor by deposition testified that the situation in regard to the claimant's knee was deteriorating and there was a weakening of the muscles and change in physical measurements resulting from arthritic symptoms. In the second deposition, used in the present hearing, he testified that the claimant's "knee is neither better nor worse. It is stabilized," and also that the claimant has a 30% permanent partial "just as it was in February of 1976" when the prior award was entered finding against a change of condition. It follows that the award of the board reducing the disability payments from a 100% loss of use base to a 30% loss of use base is not sustainable, and that the Judge of the Superior Court of Thomas County properly reversed that award.

2. A review of the entire record in this case makes clear what actually happened: The claimant had been unable to work and had been drawing compensation on the basis of total disability. Since in the last analysis only a specific member disability was involved, the parties by supplemental agreement shifted the basis for payment without changing the amount of the weekly payments. There is no indication that any medical opinion was sought at this time. But the parties, under the res judicata rationale, found themselves tied into the proposition that whatever disability existed May, 1975, was in fact a 100% disability because they had agreed to call it such, regardless of the fact that thereafter all the evidence was to the effect that the permanent injury was less than total and that its percentage factor did not change.

It is perhaps time to reevaluate the logic back of this line of cases, and realistically distinguish percentage of disability as scientifically established after maximum improvement has been reached, without insisting on certain "magic words" to remove the situation from the shackles of res judicata. But this case is not the forum for such re-evaluation, because the testimony here is substantially the same as the testimony on the former

change of condition hearing, and our ruling there is accordingly the law of the case. Code § 81A-160 (h); *Stone v. Peoples Bank,* 128 Ga. App. 796 (197 SE2d 925); *Bullock v. Grogan,* 141 Ga. App. 40 (1) (232 SE2d 605).

' *The judgment of the superior court reversing the award of the full board is affirmed. Webb and Birdsong, JJ., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED OCTOBER 26, 1977 —
REHEARING DENIED NOVEMBER 16, 1977.

*Savell, Williams, Cox & Angel, Elmer L. Nash,* for appellants.

*Altman & McGraw, Harry Jay Altman, II, Royal A. McGraw,* for appellee.