## 58433. WEST POINT PEPPERELL, INC. v. ADAMS.

CARLEY, Judge.

Appellee was injured in the course of his employment and his employer, the appellant, began paying workers' compensation benefits. Subsequently, the appellant requested a hearing to determine whether appellee had undergone a change of condition. The administrative law judge found appellee had not undergone such a change and that he remained totally incapacitated to work. On review, the full board, with one dissent, adopted the findings of the administrative law judge, with slight modification and made an award denying termination of appellee's benefits. On appeal to the superior court this award was affirmed.

1. The appellant's argument that the findings of fact made in support of the award do not comply with the requirements of Code Ann. § 114-707 is without merit. The only issue was whether appellee's condition had changed. The conclusion of the administrative law judge and of the full board was that appellee had not undergone a change of condition. This conclusion was based upon the medical evidence, which the board found to present two "possibilities": "The first being that [appellee] is suffering from an injury to his nerve roots . . . The second being that [appellee] is no longer suffering from any physical injuries and that his problem is due to a psychological overlay. Either possibility would render [appellee] incapacitated to work and would be directly attributable to the accident and injury here in question." We find unpersuasive appellant's arguments that the board, having determined that specific facts presented two "possibilities," both of which justified the ultimate finding that no change of condition had occurred, was required to further decide which of the "possibilities" was in fact true. All that Code Ann. § 114-707 requires is that the ultimate conclusion of the board be supported by findings which are sufficient to justify that conclusion. *American Mut. Liability Ins. Co. v. Hardy*, 36 Ga. App. 487, 490 (137 SE 113) (1927). We know of no statutory requirement that where the board concludes that the result it reaches is mandated by either one of two possible

views of the evidence, each of which is articulated in its findings, it must go further and embrace only one analysis while rejecting the other. We do not deal here with findings which are subject to two constructions, one which would render the award invalid and one which would with equal reason render it valid. Compare *Chattahoochee Camp School v. Cole,* 117 Ga. App. 505, 507 (2) (161 SE2d 78) (1968). Both "possibilities," as found by the board, support and justify the conclusion that appellee had not undergone a change of condition, the sole issue to be decided. The findings were sufficient to inform the appellant of the board's disposition of the issue, enabling it to intelligently prepare its appeal and enabling this court to intelligently review the errors urged on such appeal. *Atlanta Transit System, Inc. v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41) (1956); *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89) (1957). The findings in the instant case comply with the requirements of Code Ann. § 114-707. *Michigan Mut. Liability Co. v. Alford,* 100 Ga. App. 234 (110 SE2d 710) (1959).

2. The burden of proof was on the appellant to show that appellee had undergone a change of condition. *Hercules, Inc. v. Adams,* 143 Ga. App. 91 (237 SE2d 631) (1977). Appellee testified that he could not return to work. There was medical testimony that appellee was, at the time of the hearing on change of condition, suffering from the original injury or an aggravation thereof. *Aetna Cas. &c. Co. v. Dunagan,* 111 Ga. App. 801 (143 SE2d 423) (1965). While the physician testifying for the appellant stated that — in his opinion — appellee could return to work, his further testimony supports the board's finding that appellee was suffering from a psychological disability attributable to the original accident. *Liberty Mut. Liability Ins. Co. v. Archer,* 108 Ga. App. 563 (134 SE2d 204) (1963). "Under the any evidence rule an award of the State Board of Workmen's Compensation must be affirmed on appeal where there is evidence to support the award and there is no error of law. There was competent evidence that appellee's condition had not changed and the court did not err in affirming the award. [Cits.] Accordingly, the judgment must be affirmed." *Security Ins. Group v. Slusher,* 141 Ga. App. 307, 308 (233 SE2d 268)

(1977).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED OCTOBER 23, 1979 —

*J. Clinton Sumner, Jr., Raymond H. Cox*, for appellant.

*E. Lamar Gammage, Jr., John M. Strain*, for appellee.