## 75770. DON MAC GOLF SHAPING COMPANY, INC. v. REGISTER.

### (363 SE2d 583)

DEEN, Presiding Judge.

Charles Register was injured while working for Don Mac Golf Shaping Company, Inc., on May 11, 1985, and subsequently was awarded workers' compensation benefits. In that award of March 31, 1986, after finding that the employer had no reasonable grounds for not timely paying the claim and thus necessitated Register's engaging an attorney to enforce his rights, the administrative law judge assessed attorney fees against the employer in an amount equal to 25 percent of the income benefits recoverable by Register. This award was never appealed.

Shortly before the ALJ's award was issued, Register had dismissed his attorney, Curtis Farrar. With the assistance of new counsel, Register settled his claim with the employer for $10,000 and payment of his medical expenses for 6 more months; on July 9, 1986, the board approved this settlement, which was silent as to the matter of assessed attorney fees to Farrar.

On December 18, 1986, Farrar filed a request with the board for an interlocutory order, seeking continuation of the assessed attorney fees pursuant to the award of March 31, 1986. The board in turn ordered the employer to pay Farrar $2,500, 25 percent of the $10,000 settlement amount, and the superior court affirmed that order. This discretionary appeal followed. *Held*:

Both parties to this appeal describe this case as unusual. Although Charles Register is the appellee, having previously fired Farrar, he probably has little concern over the employer's attempt to deny Farrar any more assessed attorney fees. Notwithstanding this irony, we conclude that the board properly found that Farrar was entitled to the $2,500 as assessed attorney fees.

"An agreement which fixes the compensation between an employer and employee, approved by the board of workmen's compensation, and not appealed, is res judicata as to the matters therein deter-

mined and the parties thereafter cannot challenge or contradict the matters embodied in the agreement." *Beam v. Fleet Transport Co.*, 145 Ga. App. 726, 727 (244 SE2d 582) (1978). See also OCGA § 34-9-15 generally. The employer contends that the board-approved settlement in this case was final, and that the board improperly reopened it. The hole in this one argument is that it overlooks the fact that the stipulated settlement does not address the issue of assessed attorney fees under the award of March 31, 1986, and that Farrar was a stranger to the settlement negotiations and settlement itself.

Further, the settlement did not allude to the "assessed attorney fees" and was not signed by Farrar. Farrar was not aware of its existence, and after the board issued an award approving the agreement, a copy was not sent him. In effect, Farrar is contending that the negotiations and settlement reached by the new attorney and the other parties are tantamount to an *ex parte* act slicing into his vested property rights.

Farrah contends that the *ex parte* extinguishment by stipulation and agreement by those judging and adjudicating the negotiations and agreement, to which he was not a party and not given notice of, and to which he did not consent or sign, gives rise to a novel issue in Georgia, justifying the later award of attorney fees which has been approved by the trial judge and which we now consider and affirm.

Under these circumstances, the board correctly ordered the employer to pay Farrar the $2,500 as assessed attorney fees.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 17, 1987 —
REHEARING DENIED DECEMBER 2, 1987 —

*Daniel C. Kniffen*, for appellant.
*Curtis Farrar, Jr.*, for appellee.