76119. BASS et al. v. ANNANDALE AT SUWANEE, INC. et al.
(369 SE2d 529)

SOGNIER, Judge.

We granted the application for discretionary appeal made by Charles Bass from the order of the Superior Court of Gwinnett County reversing the State Board of Workers' Compensation's award of attorney fees to Bass.

Appellant represented Shirley Edwards when her employer, appellee Annandale at Suwanee, Inc., and its insurer, Georgia Insurance Company (hereinafter referred to collectively as "appellee"), suspended payment of the benefits Edwards had earlier been awarded as the result of a work-related injury. Based on his finding that the suspension of benefits and the defense of the matter were unreasonable, the administrative law judge by order dated June 20, 1984 assessed attorney fees against appellee pursuant to OCGA §§ 34-9-221 (i) and 34-9-108 (b) in an amount equal to 33 and 1/3 percent of the weekly income benefits recoverable by Edwards.

Edwards dismissed appellant in April 1985 and subsequently entered into settlement negotiations with appellee which resulted, in January 1986, in settlement of her case for $23,000. Appellant played no part in the settlement negotiations and the settlement agreement is silent as to the June 20, 1984 attorney fees award. The Board approved the settlement in an order which the parties agree contains only a notation of "N/A" in reference to such attorney fees.

Appellant's motion for attorney fees on the lump sum settlement was heard by the administrative law judge who awarded appellant 33

and 1/3 percent of the settlement sum. This award was affirmed by the Board but was reversed by the superior court on the basis that the Board-approved settlement agreement terminated appellant's right to attorney fees by superseding the June 20, 1984 award and not otherwise specifically providing or awarding attorney fees to appellant.

We agree with appellant that his appeal is virtually identical to the recent decision in *Don Mac Golf Shaping Co. v. Register*, 185 Ga. App. 159 (363 SE2d 583) (1987) and that the factual distinctions which do exist between the cases present no basis for reaching a conclusion different from that reached in *Don Mac Golf Shaping Co.* The employer's argument in *Don Mac Golf Shaping Co.* mirrors the basis stated by the superior court for its reversal of the Board's award of attorney fees to appellant. Thus, the rationale of *Don Mac Golf Shaping Co.* is equally applicable here and accordingly, we reverse the superior court's order reversing the award of attorney fees to appellant by the Board with direction that the superior court affirm the Board's order.

*Judgment reversed with direction. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 19, 1988.

*Casper Rich*, for appellants.
*John C. Parker, Jennifer L. Houser*, for appellees.