### 77519. YATES v. HALL.
(377 SE2d 887)

DEEN, Presiding Judge.

This court granted appellant Yates' application for an appeal to consider whether he retained his right to attorney fees under *Don Mac Golf &c. Co. v. Register*, 185 Ga. App. 159 (363 SE2d 583) (1987).

Following Hall's on-the-job accident on September 3, 1982, the employer/insurer voluntarily began paying benefits. Income benefits were later suspended, and a hearing was requested by Yates, Hall's attorney. Benefits were reinstated after the hearing, and Yates' fee contract was approved by the Administrative Law Judge on May 24, 1983. Under the award, Yates was entitled to 33-⅓ percent of "any income benefits" for 400 weeks "unless sooner terminated." Hall received benefits until the employer/insurer filed a WC2 form with the Board of Workers' Compensation on December 15, 1987, which suspended benefits on December 29, 1987. This action was based upon a

release signed by a physician which stated that Hall could return to normal work duty.

Prior to the filing of the WC2 form, Yates was appointed an Administrative Law Judge and required to give up his law practice. The claimant chose Toporek to represent him, and Yates agreed to pay a portion of his attorney fees award to Toporek. Toporek requested a change of condition hearing after Hall's benefits were suspended. The employer/insurer and the claimant entered into a settlement agreement, and Toporek was awarded attorney fees. This stipulation and agreement was approved by the board on February 16, 1988. Yates filed a motion to reconsider, amend and revise the award pursuant to OCGA § 34-9-103 (b), claiming that the stipulation and settlement was submitted to the board without his knowledge or approval. The board issued an order on March 4, 1988, to correct an apparent error in the order since Toporek had not filed an attorney fees contract with the board, and directed him to place the funds in an escrow account. The full board found that the attorney fees contract between the claimant and Yates had "terminated" as of December 29, 1987, when the claimant's income benefits were suspended. Yates appealed to the Superior Court of Chatham County. That court found that the board's refusal to grant Yates' request for an evidentiary hearing on the issue of attorney fees was error and remanded the case to the board, pursuant to OCGA § 34-9-100 (c), to determine the validity of Yates' claim. Hall filed a motion to reconsider, and the court vacated its previous order and held that the State Board of Workers' Compensation was not the proper forum to determine a dispute over attorney fees and that appellant's entitlement to attorney fees was extinguished on December 29, 1987, when the employer/insurer suspended payments.

1. In *Clark v. Royal Globe Ins. Co.*, 116 Ga. App. 561 (158 SE2d 699) (1967), this court held that the board acted within its authority in determining that each attorney who had a fee contract approved by the board was entitled to attorney fees and made a *pro tanto* approval of those fees according to the contract on file. The court in *Clark* distinguished *Feldman v. Edwards*, 107 Ga. App. 397 (130 SE2d 350) (1963), holding the board's authority was limited "to the examination and approval of such contracts, as placed before the board" and that the board could not set fees or arbitrate a dispute between attorneys as to the division of fees "when associated to represent a claimant." *Clark*, supra at 563. In that case, the board had two separate contracts before it, determined that the services of each attorney were of equal value, and set the fees within the limits of each contract while approving the contract in part.

In the instant case the board, upon remand, would have the authority to determine the value of each attorney's service and to set

fees within the limits of the contracts which were on file.

In *Don Mac Golf &c. Co. v. Register*, supra, an attorney was awarded attorney fees as a 25 percent add-on penalty. Before the award was issued, the attorney was discharged and new counsel settled the claim. The former attorney filed a motion seeking a continuation of his assessed attorney fees. The employer was ordered to pay him 15 percent of the settlement amount. This court affirmed, finding that the agreement, which was not appealed, was *res judicata* and that the parties could not challenge or contradict matters contained therein. Thus, the *ex parte* actions of the new attorney and other parties to the suit, without notice to the attorney who received the award, could not defeat his interest in the award. See also *Bass v. Annandale at Suwanee*, 187 Ga. App. 209 (369 SE2d 529) (1988).

We find that the instant case is controlled by *Don Mac Golf &c. Co. v. Register*, supra, and that Yates had a vested right to a fee which could not be terminated by the unilateral action of the parties. He was not a party to the settlement negotiations or agreement and had no notice that his vested right to a fee was being abrogated. Accordingly, the court below erred in vacating its order of April 13, 1988.

2. The full board and the superior court erred in holding that Yates' entitlement to attorney fees was extinguished on December 29, 1987, when the employer/insurer suspended its payment of benefits pursuant to the filing of a WC2 form. Under *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432, 433 (124 SE2d 653) (1962), an award of the board providing for the payment of compensation for total disability is *res judicata* as to the existence of the disability and award of compensation until it is set aside by an approved final settlement or a subsequent award finding a change of condition under OCGA § 34-9-104. As the award was still in force, the board erred in finding a termination because Yates still had his right to 33-⅓ percent of "any income benefits" "unless terminated" still vested. An award of compensation is *res judicata* until it is changed in the manner prescribed by law. *Caldwell v. Perry*, 179 Ga. App. 682 (347 SE2d 286) (1986).

*Judgment reversed. Carley, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED JANUARY 5, 1989 —
REHEARING DENIED JANUARY 23, 1989 — ▉▉▉▉▉▉

*Neely & Player, Andrew J. Hamilton, Joseph D. Perrotta*, for appellant.

*Julian H. Toporek, Robert E. Falligant, Drew, Eckl & Farnham,*

*David A. Smith, John T. Ferguson*, for appellee.