A94A1740. J & L FOODS et al. v. BROOKS.
(448 SE2d 19)

BIRDSONG, Presiding Judge.

J & L Foods d/b/a Huddle House and Insurance Company of North America (collectively "Huddle House") appeal the judgment reversing and remanding the award of the State Board of Workers' Compensation. Huddle House contends the trial court violated the "any evidence" rule by finding that there was no evidence to support the findings of the administrative law judge (ALJ) that were adopted by the full board.

Rachel Brooks was a short-order cook with Huddle House. She filed a workers' compensation claim alleging that she became disabled as the result of a job-related carpal tunnel syndrome caused by an injury to her thumb or which developed over time. Huddle House contended, however, that the carpal tunnel syndrome did not arise during the course of her employment.

The ALJ found that, while Brooks may suffer from carpal tunnel syndrome, she was not disabled. The ALJ further found that Brooks failed to establish that the carpal tunnel syndrome was related to Brooks' employment with Huddle House because her carpal tunnel syndrome is in her left hand, but Brooks is right-handed and the Huddle House kitchen is set up so that the repetitive motions are performed by the right hand. Moreover, the ALJ also found that at the time of Brooks' injury she was working more than normal working hours in her own restaurant after she had ended her employment with Huddle House. *Held*:

This case is controlled by the "any evidence" rule. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65). Findings of fact by the State Board, when supported by any evidence, are conclusive and binding on reviewing courts and judges do not have authority to set aside an award based on findings of fact because

judges disagree with the conclusions reached.

The ALJ found as a matter of fact that Brooks did not establish by the preponderance of "competent and credible evidence" that her condition was related to her job at Huddle House. Implicit in this finding is the conclusion that Brooks was not a credible witness; her testimony was self-contradictory and at times inconsistent with her earlier deposition testimony.

Further, the ALJ's finding is supported by evidence showing Brooks did not complain about her wrist before she cut her thumb, she was off work for weeks before complaining about her wrist, she complained to her physician about her wrist popping, her employer testified Brooks told him her wrist was hurt when it "popped" in physical therapy, she quit her job at Huddle House to work in a restaurant she co-owned and not because of her wrist, she worked preparing her restaurant before quitting Huddle House; and, Brooks worked long hours in her restaurant after she left Huddle House. Further, the one physician who related Brooks' wrist condition to her work at Huddle House did so based upon Brooks' complaints to him, but the ALJ's conclusion regarding Brooks' credibility, however, shows that no weight was given this evidence. Such a decision is within the authority of the ALJ and State Board. *Howard Sheppard, Inc.*, supra. Moreover, medical evidence showed that Brooks' wrist condition was not related to the cut on her thumb.

Since the findings of the ALJ, as adopted by the full board, are supported by evidence of record, the trial court erred by reversing the award of the full board.

Accordingly, the judgment of the superior court is reversed and the appeal is remanded to the superior court with direction to enter judgment affirming the award of the State Board of Workers' Compensation.

*Judgment reversed and remanded with direction. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 29, 1994 —
RECONSIDERATION DENIED AUGUST 16, 1994 —

*Drew, Eckl & Farnham, Katherine D. Dixon*, for appellants.
*Friedman & Associates, Mark W. Wortham*, for appellee.