A94A2251. GLEATON v. HAZELWOOD FARMS, INC. et al.
(449 SE2d 170)

BLACKBURN, Judge.
This dispute concerns the apportionment of attorney fees between former and present attorneys representing employee, Jacquelyn Gleaton, in a workers' compensation claim.

The record reflects that former attorney Alvin L. Kendall presented his client with a $15,000 employer's settlement offer at a time after his fee contract had been approved by the State Board of Workers' Compensation (Board). In doing so, he indicated that this was the employer's final offer. Thereafter, the employee discharged Kendall and hired present attorney Stephen Lerner, and Lerner's fee agreement was mailed to the Board. Further discovery and renewed settlement negotiations were conducted by Lerner and the employer increased its settlement offer to $30,000.

Before settling the case, Lerner sent a letter to Kendall advising him of the potential for settlement and requesting Kendall make a claim for attorney fees. Kendall failed to respond. Subsequently, a stipulated agreement was approved by the Board in which Kendall's name was included as the former attorney for the employee. The agreement provided for the division of attorney fees by binding agreement of counsel, i.e., Kendall and Lerner, or, in the event no agreement could be reached, the fee was to be held in escrow by counsel for the employer until an award from the Board directing payment of attorney fees was issued.

Inasmuch as Kendall and Lerner failed to reach agreement as to the attorney fees due them, the matter was heard before an administrative law judge (ALJ) of the Board. The ALJ awarded all attorney fees to Kendall because Lerner failed to provide for his fee in the settlement agreement. The Appellate Division of the Board reversed the ALJ's order and awarded $5,000 to Kendall and $5,000 to Lerner. Upon appeal to the superior court, the trial court reversed, and Lerner appeals the trial court's order on the ground that it is violative of the "any evidence" rule. We agree.

It is well-settled that findings of fact by the Board, when supported by *any* evidence, are conclusive and binding on reviewing courts and judges lack authority to set aside an award based on such findings of fact for disagreement with the conclusions reached. See *J & L Foods v. Brooks*, 214 Ga. App. 438 (448 SE2d 19) (1994); *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976).

In the instant case, the Appellate Division found that the reasonable value of services provided by counsel in this matter was $5,000 to Kendall and $5,000 to Lerner. This is supported by evidence of record indicating, among other things, that present counsel Lerner represented the claimant during the conduct of substantial discovery, including taking the deposition of the claimant. Additional efforts on behalf of the claimant are implicit, at least in some measure, in the final settlement agreement which doubled the initial offer.

Kendall contends that our former decisions of *Don Mac Golf Shaping Co. v. Register*, 185 Ga. App. 159 (363 SE2d 583) (1987) and *Yates v. Hall*, 189 Ga. App. 885 (377 SE2d 887) (1989) mandate that he should be awarded all attorney fees in this case as a matter of law. The foregoing decisions, however, may be distinguished from the facts of the case at bar in that in each case counsel was unaware of settlement negotiations prior to the issuance of the final settlement agreement.

Furthermore, the present case is distinguishable from our decision in *Bass v. Annandale at Suwanee*, 187 Ga. App. 209 (369 SE2d 529) (1988), in that the issue of attorney fees was here expressly addressed in the settlement agreement whereas the settlement agreement in *Bass* was silent in this respect.

Since the Appellate Division's finding as to the apportionment of attorney fees is supported by evidence of record, the trial court erred by reversing the Board's award of the same.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 12, 1994.

*Stephen M. Lerner*, for appellant.

*Alvin L. Kendall, Greene, Buckley, Jones & McQueen, F. Taylor Putney*, for appellees.