### 64531. GARRARD v. PITTS PLUMBING COMPANY et al.

DEEN, Presiding Judge.

This is an appeal from the judgment of the Superior Court reversing an award of the Workers' Compensation Board.

Garrard, an employee of the appellee, suffered a compensable injury (herniated disk) on April 16, 1980, when the backhoe he was operating overturned. During the latter part of the year he attempted various jobs, one with the appellee which he testified lasted 20 minutes, and others also involving strenuous work which he was unable to complete, such as operating a backhoe, splitting wood, cutting a tree down, etc. His testimony that he received no income during this period other than his workmen's compensation is not contradicted. He admitted some exercise in karate and scuba diving, the latter in connection with a dive shop operated by his father-in-law. On November 26 he attempted to work at cutting down a tree, became dizzy and passed out, and the severed tree top fell, dislocating his shoulder and breaking five ribs. This employment lasted two hours, and he earned no retained income from it, since what he received went to persons finishing the job.

Garrard testified that his attempt at this employment was because of a notice he received that his compensation would be terminated on November 26, which notice was in fact a WC-2 form

sent by the insurer as a step in obtaining a change of condition ruling by the board after its detective reported seeing the appellant engaging in certain physical activities.

A hearing held in February, 1981, resulted in an award requiring resumption of the payments unilaterally discontinued by the insurer on December 1. The ALJ found that the November 26 accident due to the falling tree was a new accident and the physical results of this are not assignable to Pitts Plumbing Company. However, the original accident of April, 1980, arising out of the Pitts employment caused a herniated disk with numbness of the right arm ensuing from the resulting nerve injury sufficient to prevent the claimant from performing the strenuous work he formerly engaged in. He has been unable to obtain light work which he can perform. The appellee employer made no attempt to offer him such work. "He therefore remains totally economically disabled because of his April 16, 1980, work related injury" and there has been no change of condition.

This award was affirmed by the full board and is adopted by this court. This employee sustained two distinct accidents and the award determines (a) that the appellee employer was in error in attempting to terminate compensation due to the original accident; (b) that the new accident resulted in described injuries not here involved, and (c) that the injuries resulting from the first accident continue to result in total economic disability.

The medical witness who treated him at the time of both accidents testified that because of the disk problem arising from the April 16 accident Garrard was disabled from performing strenuous activity, that he suffered two accidents and two injuries, that these injuries are in different parts of the body, but the symptoms of each are quite different and the resulting disabilities may be separated by these symptoms and that, so long as this employee does not have surgery (which was originally postponed in favor of conservative treatment) the disability resulting from the first accident will continue, so that, even assuming the second accident had not occurred he would be disabled from the strenuous types of activity he had previously performed within a reasonable medical certainty. Although the award did not take this into consideration, the doctor also testified that in his opinion the increased pain resulting from activity he performed in attempting to cut down the tree in November, 1980, may well have caused him to lose consciousness, as the employee thinks happened, thus explaining how the second injury occurred.

The award and its affirmance by the full board are thus supported by substantial competent evidence sufficient to support it. *West Point Pepperell v. Adams,* 152 Ga. App. 3 (262 SE2d 212)

(1979). What we are basically dealing with here is a change of condition hearing initiated by the employer prior to the second accident, and as to which the burden of proof is on that employer and its insurer. *Hercules, Inc. v. Adams,* 143 Ga. App. 91 (237 SE2d 631) (1977). That burden was not carried.

The appellee cites a number of cases in which aggravation of a prior injury is considered so that distinctions may be drawn between mere change of condition and disabilities amounting to a new injury. See *Certain v. U. S. Fidelity &c. Co.,* 153 Ga. App. 571 (266 SE2d 263) (1980); *Beers Const. Co. v. Stephens,* 162 Ga. App. 87 (290 SE2d 181) (1982); *Aetna Cas. &c. Co. v. McKenzie,* 152 Ga. App. 445 (263 SE2d 201) (1979). It is clear that disability resulting from a new accident places the liability for *new* benefits on the subsequent employer (*Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978)), but this is not a case where the physical disability resulting from the new accident is attempted to be placed on Pitts. An accident resulting in less than total physical disability may, if work is not offered or cannot be found commensurate with that decreased productivity, result during such period of time in full disability payments, since it is the economic disability which is being assuaged.

Reliance on *Williams Bros. Lumber Co. v. Magee,* 162 Ga. App. 865 (292 SE2d 477) (1982) is also misplaced. The award there was based on evidence that the disability of the claimant was not job-related at the time of the hearing; the original disability had ceased and the present disability was due to an automobile accident which was not job-connected. Frequently, as the appellee contends, an employee who has been receiving compensation from a job-related accident recovers from that accident but sustains a new one. We recognize that in such case the original employer must not be penalized. Only in the infrequent case, as here, where there is clear testimony accepted by the trior of fact to the effect that the original disability is continuing and sufficient can the original employer be held responsible. The same result also obtains where the normal trauma of ordinary activity aggravates and renders the disability continuing. In each of these three types of cases, however, there is a single yardstick: whether disability resulting from the original, compensable accident is in and of itself an efficient contributing cause of the claimant's inability to return to work. Such is the case here.

The judge of the superior court erred in reversing and remanding the award of the compensation board. *Nationwide Mut. Ins. Co. v. Porter,* 150 Ga. App. 513 (258 SE2d 135) (1979).

*Judgment reversed. Sognier and Pope, JJ., concur.*

Decided September 10, 1982.

*F. Glenn Moffett, Jr., L. Prentice Eager III,* for appellant.
*Donald M. Shivers,* for appellees.