A95A2112. SHUMAN v. ENGINEERED FABRICS et al.
(469 SE2d 847)

Judge Harold R. Banke.

Deborah Shuman, the claimant in this workers' compensation case, herniated a disc in her neck in July 1991. The injury occurred during the course of her employment as a sewer of parachutes for Engineered Fabrics, which accepted the injury as compensable and voluntarily commenced payment of benefits to her. In June 1992, Shuman squatted down to pick up an eggshell off her kitchen floor and her legs gave way, injuring her lower back, which subsequently required surgery.

At issue in this appeal is whether treatment for Shuman's lower back disc herniation is compensable. The administrative law judge ("ALJ") determined that it was, finding that Shuman's employment aggravated her pre-existing degenerative disc disease. The appellate division of the Workers' Compensation Board (the "Board") reversed, finding that: (1) Shuman's injury resulted from a specific "at home" accident; and (2) degenerative disc disease alone is not a compensable injury in the absence of an employment-related triggering event which aggravates the underlying condition. On appeal, the superior court affirmed this finding, denying Shuman compensation. Shuman then successfully applied for a discretionary appeal to this Court. *Held*:

1. On appeal, "[t]he findings of the Board are conclusive, OCGA § 34-9-105 (c), and . . . [this Court] is bound by the 'any evidence' standard of review and is not authorized to substitute itself as a fact-finding body." *Young v. Columbus Consolidated Govt.*, 263 Ga. 172 (1) (430 SE2d 7) (1993); *North v. Floyd County Bd. of Ed.*, 212 Ga. App. 593, 594 (442 SE2d 809) (1994). Applying this standard, we find the evidence was sufficient to support the Board's finding that Shuman's lower back injury resulted from a specific accident at home and

not a pre-existing condition. Shuman testified that as she bent down to pick up an eggshell, her legs went out from under her, she hit her bottom on the floor, experienced severe pain, and sought emergency medical treatment. The medical testimony reflects that the vast majority of Shuman's complaints of lower back pain occurred after June 19, 1992, the date of the kitchen incident, and her prior complaints arose in conjunction with a urinary tract infection. Dr. Cindy Shumpert testified that on June 24, 1992, Shuman stated she had fallen and hurt her back.

2. We reject Shuman's argument that the Board and the superior court misapplied the law to her case. Although the workers' compensation statute reaches employees whose injuries are the result of the aggravation of a pre-existing condition, the aggravation must arise out of and in the course of employment. OCGA § 34-9-1 (4); *St. Regis Flexible Packaging Corp. v. Helm*, 172 Ga. App. 251, 254 (1) (322 SE2d 549) (1984). No liability arises from disability resulting from a new accident unrelated to the worker's employment. See *Garrard v. Pitts Plumbing Co.*, 163 Ga. App. 457, 459 (294 SE2d 658) (1982). The new accident which occurred in Shuman's kitchen distinguishes the authority on which she relies. Compare *Colonial Stores v. Hambrick*, 176 Ga. App. 544 (336 SE2d 617) (1985) (gradual deterioration of pre-existing lung disease aggravated by work in freezer); *Thornton Chevrolet v. Morgan*, 148 Ga. App. 711 (252 SE2d 178) (1979) (pre-existing emphysema aggravated by inhaling isocyanates at work).

3. We reject Shuman's contention that the ruling appealed from contravenes undisputed testimony by her medical providers that the injury arose from an on-the-job injury. Dr. Tim Holt testified only that there was "a possibility" that Shuman's lower back problem was work-related, and a rehabilitation nurse admitted that degenerative disc disease affects almost the entire population and that she was not certain whether Shuman's work exacerbated her disc disease. Such equivocal testimony does not demand a different result. Shuman's final argument, that the Board and superior court assumed facts not in evidence by stating that she fell rather than squatted and had her legs go out from under her, is irrelevant.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 13, 1996.

*Robert K. Finnell*, for appellant.

*Shaw, Maddox, Graham, Monk & Boling, Thomas H. Manning*, for appellees.