A97A1647. J. M. HUBER CORPORATION v. HOLLIDAY.
(491 SE2d 74)

JOHNSON, Judge.

We granted J. M. Huber Corporation's application for discretionary appeal to review an award of workers' compensation benefits to

Larry Holliday based on the "superadded injury" theory. Huber contends that the ALJ misapplied this theory in an attempt to find coverage where the claim was not otherwise compensable.

The following facts are not in dispute: Holliday suffered a compensable injury to his left knee in 1985. He was assigned a 16 percent permanent partial disability rating and was given a mostly sedentary job which never required stress on the knee. Although he had some continuing problems with his knee, including popping and instability, he worked without incident until 1994, when, while walking through the woods near his home, Holliday caught his right foot in some vines. He shifted his weight to his left leg which did not hold him and fell, fracturing his patella.

The ALJ characterized this occurrence as "a new injury, separate and distinct from [Holliday's] original knee condition." Applying workers' compensation principles to this factual finding, however, the legal conclusion which must follow is that the event is non-compensable. "No liability arises from disability resulting from a new accident unrelated to the worker's employment." (Citation omitted.) *Shuman v. Engineered Fabrics*, 220 Ga. App. 636, 637 (2) (469 SE2d 347) (1996). It is uncontroverted here that the activity in which Holliday was engaged at the time the injury occurred was not related to his employment. The ALJ's finding that Holliday's fall constituted a new accident distinguishes it from *Hallisey v. Ft. Howard Paper Co.*, 268 Ga. 57 (484 SE2d 653) (1997) in which the Supreme Court of Georgia held that the factual finding of the ALJ that the claimant did not sustain a "new injury" was dispositive regardless of whether the claimant's behavior was negligent. Likewise, this case is distinguishable from *City of Buford v. Thomas*, 179 Ga. App. 769 (347 SE2d 713) (1986) upon which Holliday relies. As in *Ft. Howard*, supra, in *Thomas*, the ALJ and the Board concluded that even if Thomas was negligent in attempting to get out of his hospital bed against the doctor's orders while being treated for a work-related injury, that act was not an independent, intervening cause precluding compensability for his resulting death.

Even if we accept the ALJ's conclusion that the weakened condition of Holliday's knee was the proximate cause of this event, the facts of this case do not support compensability under a change in condition theory. In *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 157 (338 SE2d 742) (1985), we held that "[a] 'change in condition' claim for additional compensation is predicated upon the claimant's gradually worsening condition, from the wear and tear of performing his usual employment duties and of ordinary life, to the point that he can no longer continue to perform his ordinary work." (Citations and punctuation omitted.) See cases cited in *Shuman*, supra: *Colonial Stores v. Hambrick*, 176 Ga. App. 544 (336 SE2d 617) (1985) (gradual

deterioration of pre-existing lung disease aggravated by work in freezer); *Thornton Chevrolet v. Morgan*, 148 Ga. App. 711 (252 SE2d 178) (1979) (pre-existing emphysema aggravated by inhaling fumes at work). Here there was no evidence of a gradual worsening of Holliday's condition as a result of wear and tear at work or in ordinary life. And Holliday acknowledges that a change in condition analysis does not apply to additional injuries resulting from an original compensable injury when the additional injury occurs more than two years after the last payment of income benefits. See OCGA § 34-9-104 (b).

Finally, it is clear from the facts of this case that Holliday's claim is not compensable simply as a job-related accident. See *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 390-391 (288 SE2d 654) (1982) in which the court characterized compensable events as accidents, new accidents or changes in condition.

Having established that the ALJ was correct in declining to find compensability under the usual statutory categories, we next examine whether the superadded injury theory was correctly applied here. "The 'superadded injury' principle generally has been discussed in regard to consequences stemming from physical injuries which are unrelated to the employee's medical treatment, e.g., psychological disorders, see *West Point Pepperell v. Baggett*, 139 Ga. App. 813 (229 SE2d 666) (1976) (schizophrenia) and *Argonaut Ins. Co. v. Allen*, 123 Ga. App. 741, 742 (182 SE2d 508) (1971) (traumatic neurosis); aggravation of health problems by the work-related injury, see *Globe Indem. Co. v. Brooks*, 84 Ga. App. 687 (67 SE2d 176) (1951) (heart condition aggravated by chest injury); or incapacitating pain in one member caused by the work-related injury. See *Bouldware v. Delta Corp.*, 160 Ga. App. 100 (286 SE2d 333) (1981) (pain in shoulder from injury to arm)." *Standridge v. Candlewick Yarns*, 202 Ga. App. 553, 555 (415 SE2d 10) (1992). A superadded injury generally arises as a natural consequence of, or directly from, the original event and is not the result of a new event or accident. In this case we are bound by the ALJ's finding that Holliday's fall in the woods constituted a new injury, and as such the legal conclusion that the injury was compensable under the superadded injury theory was erroneous.

Finally, this Court has held that "[a]n employee sustains a compensable 'superadded injury' where, in consequence of a specific member disability, he suffers a disabling injury, disorder, or disease to *other* portions of his body. [Cits.]" (Emphasis supplied.) *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598, 599 (1) (302 SE2d 137) (1983). Here, Holliday fractured the same knee which had previously been injured on the job.

We decline Huber's invitation to hold that the superadded injury theory is no longer viable. Although it was improperly applied in this

case, there will certainly be those cases in which the application of the superadded injury theory is necessary to effect the humane, remedial purposes of the Workers' Compensation Act.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 23, 1997 —
RECONSIDERATION DISMISSED AUGUST 6, 1997 — 

*Murphy & Sibley, R. Napier Murphy*, for appellant.
*Dozier, Lee, Graham & Sikes, Neal B. Graham, Joel M. Grist, Jr.*, for appellee.