## A99A0840. COLUMBUS FIRE DEPARTMENT/COLUMBUS CONSOLIDATED GOVERNMENT v. LEDFORD.
### (523 SE2d 58)

SMITH, Judge.

The Columbus Fire Department/Columbus Consolidated Government appeals an order of the superior court that reversed an award by the appellate division of the State Board of Workers' Compensation. We granted the request for discretionary review to determine whether the superior court erred in finding that Walder L. Ledford, Jr., a firefighter, had sustained a compensable claim for workers' compensation benefits relating to post-traumatic stress.

In February 1997, Ledford filed a claim using September 22, 1995, as the date of accident and seeking temporary and permanent partial disability benefits, medical expenses, attorney fees, and penalties. The claim form described the "accident" as "[p]ost-traumatic stress causing anxiety disorder."[1]

The administrative law judge ("ALJ") took judicial notice of the fact that the claim form alleged a non-physical injury and relied upon the following facts in making her decision.

On January 12, 1995, Ledford experienced chest pains and tingling before going to a fire. He had felt this same tightness in his chest in March 1994 while undergoing training for a survival course.

In February 1995, Ledford participated in fighting a fire at an abandoned hosiery mill where he experienced some minor smoke inhalation. The fire department accepted responsibility for medical treatment, and Ledford returned to full duty less than a week later.

In June 1995, Ledford was dispatched with other firefighters to the scene of a house fire. When Ledford discovered that a person had succumbed, he sat on the back of the fire truck, claiming that psychologically he could not fight the fire. The ALJ noted that Ledford "incurred no physical injury and in fact did not even engage in fighting the fire." Ledford continued, however, working regular duty as a firefighter. In July 1995, Ledford was dispatched to an automobile accident scene in which there were multiple fatalities. The ALJ noted that "[w]hile the employee received absolutely no physical injury while performing his job duties at this accident scene, he testified he experienced psychological trauma from witnessing multiple deaths and hearing the screams of one accident victim." Ledford continued working regular duty. Finally, on September 22, 1995, during a survival training session, Ledford experienced a panic attack while pulling a breathing mask over his head. As noted by the ALJ, Ledford "testified that he received no physical injury at this training session."

---

[1] The space under "[a]dditional dates of accident which will be involved (if any)" was left blank.

Ledford consulted Dr. Michael Sims, his family physician, who, after diagnosing a panic attack, referred Ledford for counseling from a psychologist, Dr. William McGowan. While receiving his full salary, Ledford remained out of work from September 22, 1995 through May 20, 1996. When he returned to work, the department assigned him to a fire station maintenance position that did not require that he respond to fires or accidents.

The ALJ found that when Ledford experienced the problem with smoke inhalation in February 1995, "he suffered no psychic trauma." The ALJ further noted that Ledford admitted that on September 22, 1995, when he was diagnosed with psychic trauma, he had suffered no physical injury. The ALJ determined that Ledford's "psychic injury is the result of and has continued only as the result of purely psychic stimuli and not of a physical injury." The ALJ decided that Ledford's psychological condition, which manifested in chest tightness, irritability, insomnia, and restlessness, was the result of witnessing severe injuries and deaths in fires and automobile accidents. Applying *Southwire Co. v. George*, 266 Ga. 739 (470 SE2d 865) (1996), the ALJ determined that the fire department had no liability for Ledford's claims. Citing *Abernathy v. City of Albany*, 269 Ga. 88 (495 SE2d 13) (1998), the appellate division affirmed, finding that "the evidence failed to persuasively establish that the employee's psychological condition was causally related to a physical injury sustained on the job."

The superior court, however, reversed, deciding that the ALJ had misstated crucial testimony in finding that Ledford would still be suffering psychological injury and post-traumatic stress disorder even had he not experienced the smoke inhalation incident. Specifically, the superior court pointed to testimony by Ledford's physician that the smoke inhalation incident was the " 'straw that broke the camel's back,' tipping the claimant over into the psychological disability he suffers." The court emphasized Dr. Sims's testimony that observed that the smoke inhalation episode had "certainly contributed" to Ledford's psychological disability. The superior court concluded that both the ALJ and the appellate division had applied an incorrect legal standard "amounting to erroneously requiring that the claimant's physical injury precipitate and/or cause his psychological disability."

1. The fire department contends that the superior court erred by improperly engaging in factfinding and evidentiary inquiry.

When reviewing a workers' compensation award, the evidence must be construed in the light most favorable to the party who prevailed before the appellate division. *Atlas Automotive v. Wilson*, 225 Ga. App. 631, 633 (1) (484 SE2d 669) (1997). When supported by any evidence, findings of fact by the state board are conclusive and bind-

ing on reviewing courts, and judges lack authority to set aside an award based on disagreement with the board's conclusions. *Gleaton v. Hazelwood Farms*, 214 Ga. App. 825, 826 (449 SE2d 170) (1994).

By law, a psychological injury is compensable only "if it arises ' "naturally and unavoidably" . . . from some discernible physical occurrence.' [Cits.]" *Southwire,* supra at 741.

> [A] claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma. The physical injury need not be the precipitating cause of the psychic trauma; it is compensable if the physical injury contributes to the continuation of the psychic trauma.

*Abernathy,* supra at 88-89.

As we read *Abernathy* in conjunction with *Southwire,* in order for a psychological injury to be compensable, it must satisfy two conditions precedent: (1) it must arise out of an accident in which a compensable physical injury was sustained; and (2) while the physical injury need not be the precipitating cause of the psychological condition or problems, at a minimum the physical injury must contribute to the continuation of the psychological trauma. Here, Ledford, who had the burden of proof, failed to satisfy the first condition: proving that his psychological problems arose out of an accident in which a compensable physical injury was sustained. Compare *Wilson,* supra at 634 (1) (major depressive disorder worsened by inability to fully recover from back injury suffered at work). In fact, it is undisputed that on September 22, 1995, the date of the purported accident, Ledford did not sustain any physical injury.

Ledford's physician, Dr. Sims, concluded that Ledford had experienced a panic attack. Moreover, the office notes of Dr. Sims for that day disclose that Ledford's feelings were similar to those experienced during a March 1994 survival training session, a date nearly a year before the smoke inhalation incident. Dr. McGowan's testimony suggested that Ledford's psychological disorder of post-traumatic stress was likely the result of Ledford's suppression of witnessing traumatic events. In fact, Ledford, a veteran firefighter with 21 years of service, admitted that his psychological problems had begun very early in his fire fighting career. According to Ledford, within a few years of commencing work with the fire department,

I experienced a gentleman had set himself on fire. And we

had to chase him down. And I think that's actually when it first began, because I had never been used to seeing deaths and stuff. And as my career continued on, I had seen multitudes of deaths and burn victims and wreck victims.

As was noted by his treating physician in a May 8, 1996 letter, Ledford has what is "felt to be a post-traumatic stress syndrome which evolved and has been associated with his work in the fire department."

Even assuming that Ledford's psychological problems emanated from "revolting employment related experience[s]" that caused the ensuing psychological injury, such an injury is not compensable under present law. *Abernathy*, supra at 90-91; *Bibb County v. Short*, 238 Ga. App. 291, 292 (518 SE2d 484) (1999). Since the record contains some evidence to support the ALJ's findings, under the "any evidence" standard of review that award and the board's affirmance of it must be upheld. *Winn Express Co. v. Hall*, 202 Ga. App. 45, 47 (413 SE2d 505) (1991). The superior court erred by substituting its own findings and in reversing the state board's award. *Guarantee Mut. Ins. Co. v. Wade Investments*, 232 Ga. App. 328, 330 (499 SE2d 925) (1998); *Metro Interiors v. Cox*, 218 Ga. App. 396, 399 (461 SE2d 570) (1995); *Gleaton*, supra.

2. In light of this holding, we need not reach the remaining enumerations of error.

*Judgment reversed. Pope, P. J., concurs. Eldridge, J., concurs in judgment only.*

DECIDED SEPTEMBER 29, 1999 — 

*Swift, Currie, McGhee & Hiers, Douglas A. Bennett*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Teri Y. Callahan*, for appellee.

