## A08A1181. DeKALB COUNTY BOARD OF EDUCATION v. SINGLETON.
### (668 SE2d 767)

SMITH, Presiding Judge.

We granted the application of the DeKalb County Board of Education (the school board) to appeal the superior court's judgment affirming a workers' compensation award to Tracy Singleton. Singleton sought benefits as a result of her psychic injury following an asthma attack after exposure to fire extinguisher residue and cleaning products on her school bus. Because evidence supports the award of the appellate division, we affirm.

When reviewing a workers' compensation award, the evidence must be construed in the light most favorable to the party who prevailed before the appellate division of the State Board of Workers' Compensation. *Atlas Automotive v. Wilson*, 225 Ga. App. 631, 633 (1) (484 SE2d 669) (1997). When supported by any evidence, findings of fact by the state board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the board's conclusions. Id.; *Gleaton v. Hazelwood Farms*, 214 Ga. App. 825, 826 (449 SE2d 170) (1994).

Construed in favor of the decision of the appellate division, the evidence showed that Singleton began working for the school board as a bus driver in 1999, driving a small bus for special needs children.

---

[24] See *Forde v. State*, 277 Ga. App. 410, 412 (2) (626 SE2d 606) (2006).

As part of her job duties, Singleton examined her bus before and after running her route, drove the bus, and assisted the special needs children on and off the bus. Her job duties also resulted in exposure to heat, cold air, bus fumes, and cleaning material fumes and she occasionally wore a mask to minimize her exposure while in the bus yard.

Singleton had a family history of asthma and was diagnosed with asthma in 2001. One of her sisters died at the age of 21 following a severe asthma attack and another sister was receiving disability payments due to her asthma. Singleton had been fairly asymptomatic except she had sought treatment for asthma attacks at DeKalb Medical Center three or four times prior to her job-related accident in August 2005.

DeKalb County parked its school buses in a lot over the summer months when school was not in session. Upon returning to work on August 8, 2005, the bus drivers all reported to the parking lot to pick up their buses and drive them to their designated parking spot for the coming school year. Upon finding her bus, Singleton discovered that the interior was covered with white powder, which she believed was fire extinguisher residue and mold. Singleton attempted to clean the bus with paper towels and hand sanitizer provided by the school board. After cleaning the bus as much as possible, Singleton drove the bus to her designated parking location at Panthersville Road, which took approximately 35 to 40 minutes. She parked the bus and got into her car and began to feel weak and drowsy. Singleton called her husband and then went home. She began coughing and called a co-worker who arranged a three-way call with Singleton's supervisor and she informed her supervisor she was ill.

Singleton was weak and having difficulty breathing and her son drove her to DeKalb Medical Center at approximately 6:30 p.m. Doctors diagnosed Singleton with an asthma attack and gave her a breathing treatment and medication. She was discharged, referred to her personal physician, and released to return to work with no restrictions the next day, but she did not go.

Singleton followed up with Dr. Bray, her personal physician, who administered a breathing treatment and placed her on medications. Singleton was referred to Dr. Pollock, a pulmonologist, whose physician's assistant examined her. She was continued on the medications and referred to an Asthma Clinic session. Dr. Pollock opined that the August 8 incident aggravated Singleton's asthma.

The school board then referred Singleton to Dr. Warren Dilworth, a panel physician, who saw her on August 25, 2005. Dr. Dilworth took Singleton out of work until September 7, 2005, the day after her scheduled follow-up visit. Dr. Dilworth opined that Singleton's problems were the result of exposure to the fumes on her bus

on August 8. Upon her return for her follow-up, Singleton was seen by Dr. Banov, a colleague of Dr. Dilworth, who also opined that her August 8 attack was an exacerbation of asthma. Dr. Banov released Singleton for work without restrictions.

At the request of the school board, Singleton was evaluated by Dr. James Settle, a pulmonologist, on December 21, 2005. Dr. Settle noted that, during the part of the examination where Singleton was forced to exhale, she started "getting emotional, developed tachycardia and started crying." In his assessment, Dr. Settle found that Singleton had asthma, but could return to work; "[h]owever, any exposure to cold air, strong odors or fumes may very well precipitate an asthmatic attack." Dr. Settle stated that Singleton was not disabled and did not have a permanent disability rating. Dr. Settle also opined that the August 8 asthma attack was precipitated by exposure to fumes on the school bus; that Singleton could experience another attack if exposed to fumes or cold air while driving a school bus; and that, were she to experience another asthma attack, her ability to drive the bus would be impaired.

Singleton testified that she does not feel safe driving the special needs children. She believed that her work environment would cause her asthma to get worse and result in another asthma attack. Singleton did not believe that she would survive another attack triggered by fumes and was also concerned that another attack could result in harm to the children.

Singleton was examined by Dr. Jennifer Kelly, a clinical psychologist, on January 25, 2006. Prior to this appointment, Singleton had not seen a psychiatrist or psychologist. Following an interview and testing, Dr. Kelly diagnosed Singleton with adjustment disorder with depression and recommended that she have short term treatment. Dr. Kelly also stated that Singleton "has too much anxiety about driving the bus to be placed in that position, as it may not be safe because it could be unpredictable for her to do so."

On March 16, 2006, at the request of the school board, Singleton was examined by Dr. Steve Shindell, a licensed psychologist and neuropsychologist, for an independent psychological evaluation. Dr. Shindell also administered a number of tests and found that Singleton was "simulat[ing] more deficits than would be expected." He also noted that she had "highly inconsistent symptoms that strongly suggest either a severe somatization disorder[1] and/or malingering." Dr. Shindell noted that Singleton "reported a moderately high level of depressive thoughts and feelings."

---

[1] An occurrence of bodily symptoms in consequence of or as an expression of emotional or mental disorder. New Shorter Oxford English Dictionary, Vol. 2, p. 2944 (1993).

Singleton was willing to return to work for the school board, but wanted to work indoors due to her health and her concern for the safety of the special needs children. Singleton was not offered another job by the school board, and she was terminated on May 8, 2006 for job abandonment.

The administrative law judge (ALJ) found that Singleton sustained a compensable injury on August 8, 2005, in that a work-related inhalation injury aggravated her preexisting asthma. He also concluded that Singleton's psychological conditions of depression, anxiety, and adjustment disorder were compensable injuries under *Southwire Co. v. George*, 266 Ga. 739, 741 (470 SE2d 865) (1996). Specifically, he concluded that

> not only has the asthma attack contributed to the continuation of the psychic trauma, but the asthma attack precipitated the psychic trauma. As detailed by Dr. Kelly, the employee's difficulty in adjusting to the job accident has resulted in symptoms of depression and anxiety. The employee has a deep-seated fear that if she returns to unrestricted work as a bus driver, she could experience another attack while transporting children that could result in serious injuries to the children or her.

The ALJ awarded income benefits, medical payments, and ongoing medical care. Further, because income benefits were not paid when due, a 15 percent penalty on all past due and accrued benefits was awarded. The appellate division adopted the findings of the ALJ, and this appeal followed.

The school board's enumerations of error are both premised on the contention that the board of workers' compensation and the superior court "failed to apply the correct legal standard[2] for determining whether a superadded psychic injury is compensable when there was no major psychic disability, the original physical injury quickly resolved, and there were no subsequent consistent complaints of any major psychic trauma."

By law, a psychological injury is compensable only "if it arises naturally and unavoidably from some discernible physical occurrence." (Citations and punctuation omitted.) *Southwire Co. v. George*, supra.

> [A] claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treat-

---

[2] OCGA § 34-9-105 (c) (5).

ment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma. The physical injury need not be the precipitating cause of the psychic trauma; it is compensable if the physical injury contributes to the continuation of the psychic trauma.

(Citation and punctuation omitted.) *Abernathy v. City of Albany*, 269 Ga. 88, 88-89 (495 SE2d 13) (1998).

Reading *Abernathy* in conjunction with *Southwire*, in order for a psychological injury to be compensable, it must satisfy two conditions precedent: (1) it must arise out of an accident in which a compensable physical injury was sustained; and (2) while the physical injury need not be the precipitating cause of the psychological condition or problems, at a minimum, the physical injury must contribute to the continuation of the psychological trauma. *Columbus Fire Dept. &c. v. Ledford*, 240 Ga. App. 195, 196-197 (1) (523 SE2d 58) (1999).

The school board contends that the award is based on an "erroneous legal theory" and, therefore, subject to de novo review. The argument as a whole, however, is that Singleton has not suffered a compensable psychological injury, rendering the award improper for lack of proof, and it is considered under the any evidence standard. *Atlas Automotive v. Wilson*, 225 Ga. App. at 633 (1).

The school board argues that, as in *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598, 599 (1) (302 SE2d 137) (1983) (physical precedent only), Singleton suffered only mild depression and anxiety which do not amount to a mental or nervous compensable disorder. We note that this case is not binding authority, but is physical precedent only. See Court of Appeals Rule 33 (a).

More importantly, as set out above, there is evidence here that the psychic problems encountered by Singleton were not "mild" but constituted a real fear of her own death from further asthma attacks and concern for the special needs children she would have been transporting. While the school board argues that Dr. Shindell's analysis of Singleton's condition should control, it is not within our purview to reweigh the medical opinions presented below. Dr. Kelly presented some evidence that Singleton's psychic condition originated with her accident on August 8 and her physical injury contributed to continuation of her condition. *Southwire Co. v. George*, supra, 266 Ga. at 741; *Atlas Automotive v. Wilson*, supra, 225 Ga. App. at 634 (1); *Howard v. Superior Contractors*, 180 Ga. App. 68, 70 (1) (348 SE2d 563) (1986).

The superior court, therefore, did not err in affirming the

decision of the appellate division of the board of workers' compensation.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 17, 2008.

*Drew, Eckl & Farnham, Gary R. Hurst, Victor M. Lai*, for appellant.

*Robert L. Hendrix III, J. Franklin Burns*, for appellee.