### A10A1213, A10A1214. LOWNDES COUNTY BOARD OF COMMISSIONERS et al. v. CONNELL; and vice versa.
(701 SE2d 227)

POPE, Senior Appellate Judge.

Declining to award workers' compensation benefits, the Appellate Division of the State Board of Workers' Compensation ("State Board") found that Perry W. Connell did not suffer a compensable right knee injury following an accident on his four-wheeler during a time when he was not performing work duties. The superior court affirmed in part and reversed in part the State Board's decision, and the parties filed cross-applications for discretionary appeal from the superior court's order, which we granted. Because there was some evidence to support the State Board's decision, we reverse the superior court to the extent that it held that Connell was entitled to workers' compensation benefits but affirm in all other respects.

Significantly, when reviewing a workers' compensation award, we construe the evidence in the light most favorable to the party prevailing before the State Board and must determine whether any competent evidence supports its decision. See *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007); *Keystone Automotive v. Hall*, 292 Ga. App. 645, 647 (1) (665 SE2d 392) (2008). As a factfinder, the State Board is authorized to assess witness credibility, weigh conflicting evidence, and draw different factual conclusions from those reached by the administrative law judge ("ALJ") in the Trial Division of the State Board of Workers' Compensation who initially heard the dispute. See *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997); *Medders v. Smith*, 245 Ga. App. 323, 325-326 (1) (537 SE2d 153) (2000). So long as there is some

evidence to support the State Board's decision, "findings of fact by the [S]tate [B]oard are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the [B]oard's conclusions." *DeKalb County Bd. of Ed. v. Singleton*, 294 Ga. App. 96 (668 SE2d 767) (2008). See *Ray Bell Constr. Co.*, 281 Ga. at 854.

Viewed in this manner, the record reflects that Connell is an investigator with the Special Operations Division of the Lowndes County Sheriff's Office. His job duties are physically demanding, requiring him, among other things, to run, climb, and apprehend suspects while executing high risk warrants in narcotics cases. Connell trains with his division every other week, completing "about an hour [of physical training] in full gear," as well as other exercises. Additionally, he must pass a physical standards test approximately every three months, performing tasks such as running one mile in full gear in under thirteen minutes, sprinting fifty yards with a sixty-pound door ram, low crawling in full gear for fifty yards in less than one minute, and dragging a man for fifty yards.

While executing a warrant on March 17, 2005, Connell slipped and fell, injuring his right knee. Lowndes County sent Connell to a physician for evaluation. After X-rays were taken, the physician diagnosed Connell with bursitis[1] and provided him with a knee brace. Connell returned to work the day after the accident, continued to meet the physical requirements for his division and to participate in training exercises, and did not return to the physician for any further treatment.

On August 31, 2006, Connell rammed the same knee into a glass coffee table when he entered a suspect's home to execute a warrant. Connell did not seek medical treatment or miss any work, and he continued to meet all work and training requirements until May 2007.

On Saturday, May 12, 2007, Connell was riding a four-wheeler at his home. It is undisputed that Connell was not on duty or working at the time. According to Connell, he placed his right leg on the ground to stabilize the four-wheeler when it began to tip over during a turn. At that point, he felt a "sharp pain" and a "pop" in his right knee. Following an MRI, an orthopedic surgeon determined that Connell had a tear in his anterior cruciate ligament ("ACL") and in his knee cartilage. Surgery was performed to repair the torn ACL and the torn cartilage. Connell missed approximately seven weeks of

---

[1] Bursitis is inflammation of a fluid-filled sac, or bursa, found between a tendon and bone. See Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/medical/bursa; Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/medical/bursitis.

work following the four-wheeler incident.

Connell subsequently filed a workers' compensation claim against the Lowndes County Board of Commissioners and the Association of County Commissioners of Georgia (collectively, "Lowndes County"). He sought payment of his medical expenses associated with the treatment for his torn ACL and cartilage, as well as temporary total disability benefits for the time he spent out of work after the four-wheeler incident.

The parties agreed that Connell suffered injuries to his right knee arising out of and in the course of his employment on March 17, 2005 and August 31, 2006. They disputed, however, whether Connell's torn ACL and cartilage were causally connected to his prior work-related accidents or were new injuries caused solely by the four-wheeler incident. According to Connell, his torn ACL was compensable as an original "accident" claim because the tear preexisted the four-wheeler incident and instead was caused by the work-related August 2006 accident. Alternatively, Connell contended that the torn ACL was compensable as a "new accident" claim because he tore his ACL in the four-wheeler incident as a result of the weakened state of his knee caused by the gradual worsening of his knee condition due to his work duties. See, e.g., *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 390-391 (288 SE2d 654) (1982) (discussing the difference between "accident," "new accident," and "change of condition" claims). Lastly, Connell claimed that the torn cartilage he sustained in the four-wheeler incident was caused by the damaged condition of his ACL and thus constituted a compensable "superadded injury." See, e.g., *Baugh-Carroll v. Hosp. Auth. of Randolph County*, 248 Ga. App. 591, 595 (2) (545 SE2d 690) (2001) (discussing "superadded injury" claims). In contrast, Lowndes County maintained that the torn ACL and cartilage were caused solely by the four-wheeler incident and thus were the result of a new accident unrelated to Connell's employment.

Following an evidentiary hearing, an ALJ found that Connell's torn ACL was causally connected to his prior work-related accident in August 2006 and awarded him medical expenses for treatment of that condition. But the ALJ denied Connell's claim for medical expenses associated with the torn cartilage and for temporary total disability benefits for his time out of work after the four-wheeler incident.

Both parties appealed the ALJ's award to the State Board, which ruled in Lowndes County's favor. The State Board affirmed the ALJ's denial of medical expenses for the torn cartilage and of temporary total disability benefits. However, the State Board reversed the ALJ's award of medical expenses for the torn ACL. The

State Board explained:

> [W]e do not agree with the [ALJ's] finding that the employ-
> ee's ACL tear is related to his August 31, 2006 work injury
> with the employer. Consequently, to the extent the [ALJ]
> directed [Lowndes County] to pay medical expenses related
> to the ACL injury, we find he so erred.

Connell then appealed the State Board's decision to the Superior Court of Lowndes County, which affirmed in part and reversed in part the State Board's decision. The superior court concluded there was evidence supporting the State Board's affirmance of the ALJ's decision not to award medical expenses for the torn cartilage or temporary total disability benefits. But the superior court concluded that there was no evidence to support the State Board's reversal of the ALJ's award of medical expenses for the torn ACL.

Both parties filed applications for discretionary review with this Court, which we granted. In Case No. A10A1213, Lowndes County contends that the superior court must be reversed because there was some evidence to support the State Board's decision that Connell's torn ACL was the result of a new accident unrelated to employment. In Case No. A10A1214, Connell contends that the superior court must be reversed because the uncontroverted evidence shows that he was entitled to medical expenses for his torn cartilage and temporary total disability benefits for his time missed from work.

### Case No. A10A1213

1. The superior court erred by reversing in part the State Board's decision. There was some evidence to support the State Board's finding that Connell's torn ACL was a new injury resulting solely from the four-wheeler incident. As such, the State Board was authorized to conclude that the torn ACL was not compensable as an original accident or a new accident claim.

(a) *Original Accident Claim.* Under the Workers' Compensation Act, OCGA § 34-9-1 et seq., an original accident claim

> must be filed within one year of the original job-related
> incident of which the employer was timely notified and
> requires a causal connection between the conditions under
> which the work was required to be performed and the injury
> which forms the basis for the claim.

*Slattery Assoc.*, 161 Ga. App. at 391. See OCGA § 34-9-82 (a). Connell contended that the original job-related incident occurred on

August 31, 2006, and it is undisputed that Connell's claim for benefits was filed within one year of that date and that he timely notified Lowndes County of his claim. Hence, the sole issue before the State Board was whether the injury in question, Connell's torn ACL, was causally connected to the August 2006 work-related incident. Connell carried the burden of proving causation, see *St. Joseph's Hosp. v. Ward*, 300 Ga. App. 845, 848 (1) (686 SE2d 443) (2009), and factual questions regarding causation were for the State Board rather than a reviewing court to resolve. See *City of Atlanta v. Roach*, 297 Ga. App. 408, 411 (1) (677 SE2d 426) (2009).

Connell did offer evidence that his torn ACL was causally connected to the August 31, 2006 work-related incident. He testified that his right knee never felt like it healed after the August 2006 incident, but instead continued to feel loose and unstable. Furthermore, according to Connell's surgeon, his evaluation of Connell's right knee following the four-wheeler accident "revealed a pre-existing ACL injury" that was chronic in nature.

Other evidence, however, supported the State Board's contrary finding that the ACL tear was a separate and distinct injury that resulted from the four-wheeler incident and was unrelated to the August 31, 2006 incident. Prior to the four-wheeler incident, Connell was diagnosed with bursitis, not an ACL tear. And after the August 31, 2006 incident, Connell immediately returned to work, performed all of the duties and training required for his physically demanding job, and did not seek any further medical treatment. Connell also admitted that he felt his knee "pop" and experienced excruciating pain when he placed his right foot down to steady the four-wheeler. Additionally, Connell was impeached with deposition testimony in which he admitted that the knee pain he felt immediately after the four-wheeler incident "was different than the pain [he] felt before the accident."

Given the conflicting evidence presented by the parties, the State Board was authorized to find that the torn ACL was the direct result of the four-wheeler incident and was not causally connected to the August 2006 incident. "No liability arises from disability resulting from a new accident unrelated to the worker's employment." *Shuman v. Engineered Fabrics*, 220 Ga. App. 636, 637 (2) (469 SE2d 847) (1996). See OCGA § 34-9-204;[2] *Owens-Brockway Packaging v.*

---

[2] OCGA § 34-9-204 provides:

(a) No compensation shall be payable for the death or disability of an employee if his or her death is caused by or, insofar as his or her disability, may be aggravated, caused, or continued by a subsequent nonwork related injury which breaks the chain of causation between the compensable injury and the employee's disability.

(b) It is the intent of the General Assembly that this Code section codify existing case law.

*Hathorn*, 227 Ga. App. 110, 110-111 (488 SE2d 495) (1997); *J.M. Huber Corp. v. Holliday*, 228 Ga. App. 4, 5-6 (491 SE2d 74) (1997). Compare *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58-59 (1) (484 SE2d 653) (1997) (holding that an employer is liable for benefits if the subsequent off-the-job accident merely aggravates and accelerates the worker's original on-the-job injury). Accordingly, the State Board was entitled to conclude that the torn ACL was not compensable as an original accident claim. See id. Because the superior court substituted its own judgment for that of the State Board on this issue, we must reverse the superior court's decision finding that Lowndes County was required to pay Connell's medical expenses for treatment of his torn ACL. See *Ray Bell Constr. Co.*, 281 Ga. at 854; *Singleton*, 294 Ga. App. at 96.

(b) *New Accident Claim.* Connell argued in the alternative that the torn ACL was compensable as a new accident claim because he tore his ACL in the four-wheeler incident as a result of the weakened state of his knee due to his work duties.

> When a claimant is injured on the job but continues, without an agreement or award for compensation, to perform the duties of his employment until forced to cease work because of a gradual worsening of his condition that is at least partly attributable to his physical activity in continuing to work, such facts constitute a new accident.

(Citation and punctuation omitted.) *Chaparral Boats v. Heath*, 269 Ga. App. 339, 348 (2) (606 SE2d 567) (2004). See *Slattery Assoc.*, 161 Ga. App. at 391. In light of the same conflicting evidence discussed in Division 1 (a), the State Board was entitled to find that the torn ACL was a separate and distinct injury caused solely by the four-wheeler incident rather than by the gradual worsening of his prior knee condition due to the wear and tear of work. See *J.M. Huber Corp.*, 228 Ga. App. at 5-6. As such, we likewise must reverse the superior court's decision to the extent that Connell was awarded medical benefits for his torn ACL based upon a new accident theory of recovery.

## Case No. A10A1214

2. The superior court properly affirmed the State Board's decision that Connell was not entitled to medical expenses for his torn cartilage. There was evidence to support the State Board's rejection of Connell's argument that the torn cartilage was a compensable superadded injury.

"An employee sustains a compensable superadded injury when, as a result of a work-related disability to one part of the body, the employee suffers a disabling injury to another part of the body." (Emphasis supplied.) *Baugh-Carroll*, 248 Ga. App. at 595 (2). Connell asserted that he suffered the disabling tear in his cartilage as a result of the tear in his ACL. But, as discussed in Division 1, the State Board was entitled to find that Connell's torn ACL was not a work-related disability, and thus the Board could find that the elements for a superadded injury claim had not been met in this case.

3. The superior court properly affirmed the State Board's decision that Connell was not entitled to temporary total disability benefits for the time he was out of work following the four-wheeler incident. For the reasons discussed in Divisions 1 and 2, neither the torn ACL nor the torn cartilage resulting from that incident were compensable injuries entitling Connell to an award of benefits.

*Judgment reversed in Case No. A10A1213. Judgment affirmed in Case No. A10A1214. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 8, 2010.

*Gardner, Willis, Sweat & Handelman, Todd S. Handelman, James A. Ivey,* for appellants.
*Melissa M. Peavy,* for appellee.

