**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 26, 2021**

# In the Court of Appeals of Georgia

A21A0912. EXPRESS EMPLOYMENT PROFESSIONALS et al.
  v. BARKER.

RICKMAN, Chief Judge.

We granted Express Employment Professionals and New Hampshire Insurance Company, c/o Sedgwick CMS (collectively, the "Employer") discretionary review of a superior court order reversing a judgment of the State Board of Workers' Compensation in favor of Terry Barker. For the reasons that follow, we reverse.

The record shows that Barker was an employee of Express Employment Professionals, a temporary employment agency. On August 14, 2018, he was assigned to work at a seafood processing and repackaging plant when he fell onto the left side of his hip, buttocks, and left wrist while attempting to move a bin of fish parts. Later that day he received treatment from Dr. Leslie Cottrell, complaining of pain in "his

left hip and across his back." He did not inform Dr. Cottrell that he had a history of back pain, and she diagnosed Barker with a lumbar sprain and instructed him to begin physical therapy. Barker began receiving temporary total disability ("TDD") workers' compensation benefits.

On August 21, 2018, Barker was again treated by Dr. Cottrell, again complaining of pain across his lower back, but he reported that his hip pain had resolved. Barker also complained of numbness in his fingers. Dr. Cottrell again diagnosed Barker with a lumbar strain. Later that day, Barker told his physical therapist that his lower back no longer hurt but that he was experiencing numbness and tingling in his hands. The therapist noted that the numbness in his hands did not correlate to his mechanism of injury. At physical therapy the next day, the therapist again noted that Barker no longer had back pain and that the "mechanism of injury, presentation [and] objective findings [did] not support" the symptoms of numbness in his hands, and recommended that Barker be discharged from therapy.

On September 14, 2018, Barker met with another physician, Dr. Chad Kessler, and complained of back pain and radiating bilatteral upper extremity pain with numbness and tingling. Dr. Kessler diagnosed him with a lumbar strain, gave him work restrictions, and instructed him to begin physical therapy. An MRI was

2

performed on Barker in October 2018, which revealed multilevel mild lumbar facet arthropathy and mild curving of the lumbar spine, and Dr. Kessler opined that the MRI revealed arthritis. On October 26, 2018, Dr. Kessler placed Barker on maximum medical improvement, provided full duty work release, and stated that no follow-up was required. The Employer then suspended Barker's wage benefits.

Barker filed a motion seeking the recommencement of TTD benefits, which an administrative law judge ("ALJ") denied in April 2019. Barker was then examined by Dr. David Weiss, who opined that while Barker "has a constellation of symptoms . . . many [of which] are not significant," that his "present symptoms are a direct result of his on the job injury." Barker then went to another doctor, Dr. Tariq Javed, who diagnosed Barker with lower back pain, lumbar facet arthopathy, and SI joint pain. After seeing these doctors, Barker fell at home in April 2019 when he slipped on a wet surface and landed on his left buttocks and hip, the same location of impact as his work injury, and a different doctor diagnosed him with midline low back pain and bilateral sciatica, with unspecified chronicity.

In August 2019, the ALJ held an evidentiary hearing to determine whether Barker was entitled to a resumption of TTD benefits. After the hearing, the ALJ concluded that Barker underwent a change in condition for the better on October 26,

3

2018 and did not require further medical treatment nor have any disability as a result of his work accident and injury. The ALJ also concluded that the fall that occurred at Barker's home on April 20, 2019 "appear[ed] to be the same as his original accident," "necessitated [Barker's] receiving treatment at the emergency room several days later," and was a nonwork related injury "which is now the cause of any need for medical treatment or any possible disability as it either aggravated, cause[d] or continued any back problems thus breaking any chain of causation which may have existed as is contemplated by [OCGA] § 34-9-204 (a)." Barker appealed the ALJ's ruling to the Appellate Division of the State Board of Workers' Compensation ("the Board"), which affirmed the ALJ's decision and adopted its findings of fact and conclusions of law.

Barker appealed the Board's decision to the Superior Court of Carroll County. The superior court reversed the Board's findings that Barker experienced a subsequent, intervening accident which broke the chain of causation. The superior court also found that this conclusion was "judicially inconsistent" with the Board's other conclusion that Barker underwent a change of condition for the better on October 26, 2018, and would no longer be entitled to wage or medical benefits from

4

that point forward. We granted the Employer's application for discretionary review, and this appeal followed.

> It is well settled that the Board is authorized to assess witness credibility and weigh conflicting evidence. In contrast, neither the superior court nor this Court has any authority to substitute itself as a fact finding body in lieu of the Board. When reviewing a workers' compensation award, we construe the evidence in a light most favorable to the party prevailing before the [Board's] appellate division and will uphold the [Board's] factual findings if there is any evidence to support them.

(Citations and punctuation omitted.) *Waters v. PCC Airfoils, LLC*, 328 Ga. App. 557, 562 (762 SE2d 617) (2014).

1. First, the Employer argues that the superior court erred in reversing the Board's award concluding that Barker underwent a change in condition for the better on October 26, 2018, and did not require further medical treatment nor have any disability as a result of his work accident and injury. We agree.

As a reviewing court, the superior court was required to construe the evidence favorably to the Employer, the party prevailing before the Board, and apply "an any-evidence standard of review to the Board's findings of fact." (Citation omitted.) *McKenney's, Inc. v. Sinyard*, 350 Ga. App. 260, 261 (1) (828 SE2d 639) (2019). It was not permitted to reject the Board's factual conclusions in favor of its own. See

id. See also *Hartford Cas. Ins. Co. v. Hawkins*, 353 Ga. App. 681, 685-686 (1) (839 SE2d 230) (2020) ("[A] reviewing superior court is not authorized to disregard competent evidence that it believes is not credible, reweigh the evidence, or resolve conflicting evidence, as these powers are reserved solely for the ALJ and the Board.") (Citation and punctuation omitted).

Here, the record shows that Dr. Kessler reviewed Barker's MRI and saw Barker again on October 26, 2018, when he determined that although Barker had some complaints of pain, "[a]s far as his workers compensation injury he is discharged at MMI." Undoubtedly, the record contains competing evidence. For example, Barker was subsequently diagnosed after October 26 by a different doctor as having back pain caused by his work fall. But at least some evidence supports the Board's conclusion that Barker's work related injury had resolved. Given these circumstances, the superior court erred in reversing the Board's decision. See *Hartford Cas. Ins. Co.*, 353 Ga. App. at 685-686 (1); *McKenney's*, 350 Ga. App. at 266-267 (1); *Waters*, 328 Ga. App. at 562.

2. Next, the Employer argues that the superior court erred in reversing the Board's findings of fact and conclusions of law that Barker experienced a subsequent, intervening accident which broke the chain of causation. We agree.

6

OCGA § 34-9-204 (a) provides that "[n]o compensation shall be payable for the death or disability of an employee if his or her death is caused by or, insofar as his or her disability, may be aggravated, caused, or continued by a subsequent nonwork related injury which breaks the chain of causation between the compensable injury and the employee's disability."

Here, the evidence showed that Barker had been released to full duty work on October 26, 2018, when he slipped and fell on a wet surface at home in April 2019. This fall was a subsequent, nonwork related injury, and Barker fell on his left hip and left buttocks like he did when he fell at work. Thus, there was evidence to support the Board's finding that Barker experienced a subsequent, intervening accident which broke the chain of causation, and the superior court was required to affirm the Board's Award pursuant to the *any evidence* standard of review, which it failed to do. *Lowndes County Board of Comm's v. Connell*, 305 Ga. App. 844, 848 (2) (701 SE2d 227) (2010) (Citation and punctuation omitted) (given conflicting evidence from the parties, the Board is authorized to find that an injury was caused by a subsequent accident and was not causally connected to the work related accident, and "[n]o liability arises from disability resulting from a new accident unrelated to the worker's

7

employment") (citation and punctuation omitted); see also *YKK (USA), Inc. v. Patterson*, 287 Ga. App. 537, 539 (2) (652 SE2d 187) (2007).

3. Finally, the Employer argues that the superior court erred by reversing the Board's award based on its finding that the Board's findings that Barker had a subsequent intervening accident which broke the chain of causation and underwent a change of condition for the better on October 26, 2018 were judicially inconsistent. We agree.

Following Barker's change in condition for the better in October 2018, he was injured again at his home. Although he complained of the same injury, his original injury had resolved. The ALJ's award (adopted by the Board) reflects this, stating both that he underwent a change of condition on October 26, 2018 and that his fall at home "was a nonwork related injury which is now the cause of any need for medical treatment . . . as it *either aggravated, caused or continued* any back problems thus breaking *any* change of causation which *may* have existed[ .]" (emphasis supplied.) These findings of fact are not inconsistent because they clearly indicate that Barker recovered from his first accident and that his later accident was the cause of his current condition. *Waters*, 328 Ga. App. at 562; *Lowndes County Board of*

8

*Comm's*, 305 Ga. App. at 848 (2). And, as set forth above, the evidence supports both conclusions. Thus, we reverse the superior court on this ground as well.

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*